HENRY v. CLEVELAND, C., C. & ST. L. R. CO.

(Circuit Court, S. D. Illinois. February 23, 1895.)

1. NEGLIGENCE—WHAT CONSTITUTES.
   A railroad company, on whose tracks a collision has occurred between a train and a number of tank cars containing petroleum, some of which have been broken, and the oil set on fire by the collision, and which neglects for two hours to remove the other cars of oil, in consequence of which some of them are set on fire by the burning oil, and explode, is liable to one who is injured by such explosion.

2. CONTRIBUTORY NEGLIGENCE—SAME.
   It is not contributory negligence per se for a stranger to go upon premises where a fire is raging, which endangers life or safety, if he does so in good faith, for the purpose of saving life or property.

3. CARRIERS—DEGREE OF CARE REQUIRED.
   The same degree of care is required of carriers, in handling and transporting explosives and combustible oils, as is exercised by merchants and insurers in dealing with such articles.

This was an action by John J. Henry, Jr., against the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company to recover damages for personal injuries. On the trial the court (ALLEN, District Judge) charged the jury as follows.

John G. Irwin and William P. Early, for plaintiff.

John T. Pye, George F. McNulty, James A. Connolly, and H. J. Hamlin, for defendant.

ALLEN, District Judge (charging jury). Under the pleadings in this case the burden is thrown upon the plaintiff to prove all the material facts of his case, as stated in the declaration. But by this you are not to understand that he must prove all that he alleges in all the counts of his declaration, but all the material facts contained in any one of said counts essential to his right to recover. The court upon demurrer to the declaration has held each and every count thereof good, and that the plaintiff will be entitled to recover, if you believe from the evidence that any one or more of them is true as to all material allegations contained in such count or counts, as explained further on in this charge; but where two or more acts of negligence are alleged to have produced one and the same injury, the law is that it is not necessary to prove all of such alleged acts, and that the plaintiff may recover upon proof of one only, if it is shown by the evidence to have caused injury, and to have been the proximate cause of such injury. What these counts, severally considered, are, and wherein they differ from one another, you will find out by reading the declaration, which, together with the other pleadings in the case, you may take with you when you retire to delib-

erate.    And, when I say what I have already stated, you are to understand by it that the allegation contained in each and all of the counts of the declaration to the effect that the plaintiff was exercising due care and caution for his own safety, at the time he says he was injured, is a material and essential element of his case, which it devolves upon him to prove, as well as to prove all other material allegations made by him in any count of his declaration.    The rule of law which requires this only goes to the extent of requiring proof of the facts and circumstances attending the alleged injury.    If these show negligence on the part of the defendant from which the injury is a proximate consequence, and do not show contributory negligence on the part of the plaintiff, the prima facie case is made out in favor of the plaintiff, and puts upon the defendant the burden of refuting the negligence or injury charged, or the allegation of due care and caution for his own safety on the part of the plaintiff.    You are therefore instructed that if you believe from all evidence before you that the defendant is guilty of negligence as charged in all or any of the five counts of the declaration, and that such negligence was the proximate cause of injury to the plaintiff, and that the plaintiff is not guilty of contributory negligence, you will find the issues in favor of the plaintiff.    But if, on the other hand, you believe that the evidence does not show negligence on the part of the defendant, or does not show that the plaintiff was injured, or does not show that the plaintiff's injuries were the proximate consequence of the defendant's negligence, or does show that the plaintiff was guilty of contributory negligence, or failed to exercise due care and caution for his own safety, you will find for the defendant.

When I speak of "negligence," you are to understand that term to mean either failure to do what a reasonable and prudent person would ordinarily have done, or doing what such a person would not have done, under all the circumstances shown by the evidence.    In other words, negligence is the failure to observe, for the protection or safety of the interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, and is actionable if it is the proximate cause of injury to another.    And what is due care and diligence must be determined according to the facts and circumstances of the particular case.    The law requires more care and caution on the part of persons handling, carrying, or using articles commonly known to be dangerous than it does in handling, carrying, or using articles not dangerous, and considers all explosives dangerous.    Common carriers and all other persons owe this duty to their fellow men.    I do not yield full assent to the contention that a common carrier or other person who handles or carries explosives, or keeps them on private premises, does so at his peril, and must be answerable for all injurious consequences, regardless of the degree of care and vigilance exercised in doing so, but I do hold that due care and prudence are required in this respect,—such care and prudence as prudent and careful persons ordinarily exercise whose business it is to deal in these articles.    It is a matter of common knowledge that insurers and merchants exercise greater care and caution as to the storage and use of explosives, combustible

oils among them, than they do as to articles which are not commonly considered dangerous, and I shall hold it to be the law that the same degree of care and caution is required of carriers as between them and the general public. This is merely requiring of them ordinary care,—the same degree of care and caution that ordinarily prudent men exercise in delivering and handling dangerous articles.

It has been held by the circuit court of appeals of this circuit that petroleum is not a dangerous agency of itself, but becomes such by subjection to a high degree of heat, or from actual contact with fire, and that, therefore, the shipment of such an article of commerce casts upon the shipper a certain duty to the public,—that of providing a suitable vehicle for the petroleum in all respects adapted to the purposes of carriage, and able to encounter the usual risks of transportation, so that the petroleum in its transit shall not be exposed to the danger of taking fire from causes incident to its transportation reasonably to be anticipated. This is a rule which applies to carriers as well as to shippers, imposing upon them the degree and kind of diligence already stated, as to petroleum in their charge while in transit, and when detained on their premises by delays ordinarily incident to the transportation of articles of commerce. It requires the exercise of due care and caution on the part of railroads to prevent exposure of petroleum to great heat or contact with fire while standing on a side track in their yards, and such care on the part of their servants as may be reasonably necessary to protect the public from danger in this respect.

I yield my assent to the contention that a defendant who owes no duty to the plaintiff cannot be guilty of actionable negligence as to such plaintiff. For this reason, in actions like the one now being tried, the plaintiff must show what duty the defendant owed him, and a breach of it. But you are not to infer from this statement that the law imposes no duties upon railroads or common carriers except as to persons and property carried by them, and as between them and their employés, and other persons and corporations with whom they make contracts.

Besides obligations of this kind, the law imposes upon them, as it does upon natural persons, the duty to so exercise their rights as not to interfere with the equal rights of others. They must so use their own as not to negligently injure another. This is a duty which they owe to all mankind, and the nature of the duty they are charged with not having performed towards the plaintiff. The law is that anything done by the owner of premises which is in the nature of a nuisance or of a wanton injury, and which is the proximate cause of injury to another, gives the person so injured a right of action for injuries thus caused; and this rule applies, even as between the wrongdoer and a trespasser or licensee, who, after the wrong has been done, has not recklessly or rashly exposed himself to its consequence. This rule has always been held to apply to a person who negligently or intentionally sets fire to anything on his own land, if the fire extended to the property of another, and became the proximate cause of injury to such person. It is true they do not owe the same degree of care and caution to strangers that they do to

passengers and persons for whom they carry property, but they are under obligations to exercise reasonable and ordinary care, prudence, and diligence for the safety of the persons and property of the general public, and are held to an action for any breach of duty in this respect which causes injury to another person who has not been guilty of contributory negligence. By "contributory negligence" I mean the want of ordinary care on the part of the plaintiff, and a proximate connection between that and the alleged injury. As to what is and what is not "proximate cause," as applied to the charges of negligence made against the defendant, and of contributory negligence made against the plaintiff, you are to understand this: Although you may believe from the evidence that the defendant was guilty of negligence as charged in the declaration, or any count thereof, yet if you further believe from the evidence that the plaintiff was also negligent, and that his negligence co-operated with that of the defendant in causing his injuries, and that the consequences of the plaintiff's negligence could not have been counteracted or avoided by ordinary care on the part of the defendant, then you will find that the plaintiff's own negligence was the proximate cause of his injuries. But, as applied to the negligence with which the defendant is charged, proximate cause means such cause as would probably lead to injury, and which has been shown to have led to it. It need not appear from the evidence that the injuries complained of resulted instantly and immediately from the negligence charged. The law regards the one as the proximate cause of the other, without regard to lapse of time, where no other cause intervenes or comes between the negligence charged and the injuries received to contribute to it. There must be nothing to break the causal connection between the alleged negligence of the defendant and the alleged injuries of the plaintiff; but by this you are not to understand me as saying that the act of the plaintiff may not be an intervening cause.

Having now stated, in a general way, the law of the case, as I understand it to be, I instruct you that if you believe from the evidence that on the 21st day of January, 1893, a collision occurred between a locomotive and train of cars which were running over the defendant's railroad, in charge of its servants and employés, and a train of cars standing on its side track at Wann, Madison county, Ill.; that the train upon said side track was laden with tanks containing petroleum or gasoline, or both; that the oil in said tanks was of an inflammable and explosive nature when exposed to heat or fire; that the cause of said collision was either the negligence and carelessness of the defendant's servants in leaving open a switch or switches leading from its main track to the side track upon which said cars and oil tanks were standing, or the careless management by the defendant's servants of the train which ran into said tanks, or both; that the consequence of said collision was the bursting of one or more of said tanks, and the escape of the oil from them, and setting it on fire by the escape of sparks or fire from said locomotive; that such oil ran along said side track, and under the train of cars on which said tanks were, and communicated fire to tanks which had not been burst open by the collision, or exposed them

to the heat of a conflagration caused by said collision, and thereby caused the explosion of one or more of said tanks; that more than two hours elapsed after said collision occurred and before the explosion which caused the plaintiff's alleged injuries; that by the exercise of proper care and diligence during that time the defendant might have put out the fire and stopped the conflagration, or might have removed the cars upon which said oil tanks were to such a distance from the fire that they would not have exploded, or might have warned people away from dangerous proximity to said fire, and failed to do so, or did so in an insufficient or negligent way; that the plaintiff was injured by said explosion, and at the time of receiving his injuries was exercising due care and caution for his own safety; and that his injuries were the proximate consequences of the negligence or carelessness of the defendant as charged in the declaration, and were not the result of his own imprudence or negligence or want of ordinary care and caution for his own safety,—then you will find the issues in favor of the plaintiff.

In determining whether the defendant is or is not guilty of negligence as charged in the declaration, you will take into consideration all the facts and circumstances shown by the evidence and by the law as given to you in this charge: The defendant's duties as a common carrier; the nature of the articles it was handling; the obligation it is under by law to so exercise its rights as not to negligently or carelessly endanger human life or safety, or destroy property.

In considering the charges of negligence made by the plaintiff, you are to direct your inquiries to these points: Does the evidence show there was a collision? If it does, you will next consider whether, according to the evidence, such collision was or was not the result of carelessness or negligence on the part of the defendant's servants or employés. In this last point is involved the question whether, according to the evidence, if negligence appears, such negligence was in leaving a switch or switches open, if you believe from the evidence a switch or switches was left open, or that there was a failure to put out the fire or remove the oil tanks to a safe distance from it, if you believe from the evidence that the fire might have been put out, and that no sufficient effort was made to do so, or that the oil tanks might have been removed to a place of safety, and that no sufficient effort was made to remove them, or in failing to give warning of danger, and that no such warning as the circumstances required was given. If you believe from the evidence that the defendant is guilty of negligence in all or any of these respects, and that an explosion occurred and was the proximate consequence of such negligence, then, before finding the issues in favor of the plaintiff, you will further inquire whether the evidence shows that the plaintiff was injured by such explosion, and, if you find that he was, whether his injuries are or are not the proximate consequences of such explosion. In this inquiry two questions are involved: First. Were these injuries caused by negligence of the defendant? Second. Are they the proximate consequence of it?

If from the evidence, you find that they cannot be attributed to the act or acts of any person except the defendant, and were caused

by its negligence, and that nothing intervened to break the causal connection between the defendant's negligence and the plaintiff's injuries, then you may find from the evidence that the plaintiff's injuries are the proximate consequence of the defendant's negligence. But if you so find from the evidence, before finding the issues in favor of the plaintiff you will still further inquire whether the plaintiff, at the time he received his injuries, was or was not exercising due care and caution for his own safety.

Touching this inquiry, the law is that it is not per se, or in and of itself, negligence to be in a place of danger when a conflagration is raging, and the life or safety of human beings thereby endangered.     Under such circumstances, one person may lawfully go upon the premises of another, if he does so in good faith, to save others from personal injury, loss of life, or destruction of property.     The law does not regard them as trespassers under such circumstances, nor will it lightly impute negligence to an effort made in good faith to save life, or secure the safety of persons or property.     And the law also is that persons called upon to act in sudden emergencies, or under unusual or peculiar circumstances, are not held to the exercise of the same degree of care and caution as in other cases, and under ordinary circumstances.     Therefore, in considering whether, under the evidence before you, the plaintiff was or was not exercising due care and caution for his own safety when he received his injuries, if you believe from the evidence he was injured, your inquiries will be, does the evidence show that a conflagration was then raging?     If you find it does, you will further inquire whether it shows, or fails to show, that the safety of persons and property was thereby endangered, and whether the plaintiff was or was not, when injured, in good faith trying to prevent the conflagration from spreading, and protect the life and property of others.     If you find from the evidence that a conflagration was raging, and that the safety of persons and property was thereby endangered, and that the plaintiff was in good faith trying to prevent the fire from spreading and protect the persons and property of others, you will further inquire what reason he had to suppose, according to the evidence, that it was dangerous to go where he was injured.     Does the evidence show that he knew it was dangerous to be there?     Does it show that he had been warned before going that it was dangerous to go there? Or, after going where he did, it was dangerous to remain there? Does it show that he recklessly and rashly exposed himself to danger?     According to the evidence, would an ordinarily careful and prudent man, under all the circumstances, have gone where he was, and have done what he was doing when he was injured?     If you believe from all the evidence that he acted as an ordinarily careful and prudent man would have acted under the circumstances, then you will find that he was exercising due care and caution for his own safety when he received his injuries, and is not precluded on this ground from maintaining this action.     But if you believe, from all the evidence, that an ordinarily prudent man would not have acted· as he did, under the same circumstances, you will find for the defendant.

Having now given you what I understand to be the law of this case, touching the points of contention involved in it, I will add that it is the province of the court to decide all questions of law, and your province and duty to decide all questions of fact. In what I have said I have not assumed, or at least have not intended to assume, that the defendant is or is not guilty of all or any of the acts of negligence with which it is charged; that the plaintiff has or has not sustained injuries caused by the negligence of the defendant; that, if injured, his injuries are or are not the proximate consequence of the negligence charged in the declaration; or that the plaintiff is or is not guilty of contributory negligence, was or was not exercising due care and caution for his own safety when he received his alleged injuries. All these questions, so far as the facts are concerned, and all questions of fact in the case, are for your determination. But in deciding them you are to be governed by the law as given in this charge, and your verdict should be based upon that alone.

If you find the issues in favor of the plaintiff, it will be your duty to assess his damages, in doing which you may take into consideration any sum or sums of money the evidence shows he has expended or become liable to pay for medical and surgical treatment, nursing, care, and attention made necessary by reason of his injuries; to which you may add the value of any time which the evidence shows he may have lost by reason of disabilities resulting from his injuries, in fixing which you will take into consideration his age, occupation, or vocation, business capabilities, and what the evidence shows his time and services to have been worth to him during the year, or other shorter or longer period of time just prior to the time he was injured. And, in addition to the elements of damages above stated, you may make reasonable allowance for bodily pain, anguish, and suffering, and permanent disabilities, resulting from the injuries sustained, if you believe from the evidence that he suffered bodily pain and anguish, and has been permanently disabled by reason of injuries resulting from the negligence charged in the declaration. In considering and deciding the question of permanent disabilities, you will be governed by the plaintiff's age, occupation, and his station in life, and reasonable business and financial prospects in life, before he was injured. Any reasonable sum you may fix as compensation for the plaintiff's injuries, not exceeding $25,000, upon the basis of the elements of his damages I have just stated, will be the amount of your verdict, if you find in his favor; and, if you do, the form of your verdict will be: "We, the jury, find the defendant guilty, and assess the plaintiff's damages at (whatever sum you may determine upon under the evidence not exceeding twenty-five thousand dollars)." If you find for the defendant, the form of your verdict will be: "We, the jury, find the defendant not guilty."