BURNETT v. ATLANTIC COAST LINE RAILROAD CO.

(Filed March 31, 1903.)

NEGLIGENCE—*Contributory Negligence—Fires—Demurrer—Pleadings.*

Where a person is injured as here, in attempting to extinguish a fire negligently set to her premises by a railroad company, the company is liable.

ACTION by Alexander Burnett, administrator, against the Atlantic Coast Line Railway Company, heard by Judge *Oliver H. Allen,* at October Term, 1902, of the Superior Court of CUMBERLAND County. From the sustaining of a demurrer to the complaint the plaintiff appealed.

*Thomas H. Sutton,* for the plaintiff.
*George M. Rose,* for the defendant.

MONTGOMERY, J. This action was heard on the complaint and the demurrer thereto. The plaintiff alleged that his intestate had been fatally burned in her effort to extinguish a fire set upon the premises through the negligence of the defendant. In the third allegation of the complaint the plaintiff, after describing the nature of the fire and the threatened danger to her home and property, declared that she attempted to put out the fire, as it was her duty to do. The demurrer of course admitted that under the facts set out in the complaint it was her duty to attempt the extinguishment of the fire. That being so, in no sense could it be said that the plaintiff could be guilty of contributory negligence. To do

what she ought to have done under a given state of facts can not be anything but due care on her part. We can very readily conceive of conditions under which the law would impose a duty upon one whose property was in danger of being destroyed by a fire, carelessly set by another, to attempt its extinguishment; and this case is one where the defendant, by the demurrer, affords an example. The d murrer can not be held to be one to an erroneous conclusion of law, and therefore without the effect of a demurrer upon the facts.

The demurrer ought not to have been sustained.

Error.