JOHN SCHMARTZ, JR. *v.* STERLING HARGER ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 124017

Memorandum filed March 15, 1961

*Harvey A. Katz,* of Glastonbury, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the defendants.

SHAPIRO, J. The defendant demurs to the complaint "because it fails to allege facts showing that the defendants owed any duty to the plaintiff." The complaint alleges that defendants were owners in possession and control of a house and lot in Glastonbury; that at about 8 p.m. on the evening of March 14, 1960, the defendants' house caught fire due to their own negligence; that one of them negligently placed a ladder against the house; and that thereafter "the plaintiff climbed the ladder to assist in putting out the fire, causing the ladder to fall," and resulting in injuries to him. The allegations further set forth that these defendants knew or

should have known that such a fire would tend to bring persons in a position of peril to assist in extinguishing it and stopping its spread and that such persons might be injured thereby, and that they failed to exercise reasonable care to prevent an injury to such persons and particularly to the plaintiff.

In support of the demurrer, the defendants claim that the plaintiff's status was that of a volunteer attempting to rescue another's property which he had no duty to protect and in which he had no interest. No Connecticut cases are cited. However, it was held in a situation similar to this one that the plaintiff's injuries may fairly be said to have resulted from a risk which he voluntarily encountered, and recovery was denied. *Glines* v. *Marine Cent. R.*, 94 N.H. 299, 301 (1947). This rule was again recognized in *Maxfield* v. *Maxfield*, 102 N.H. 101, 104 (1959).

One is bound to anticipate the reasonable and natural consequences of his own conduct. "One is charged with knowledge or notice of what a reasonably prudent person would have foreseen, and is negligent if he fails to use the care necessary to avoid danger which should have been anticipated . . . . One is not bound to foresee every possible injury which might occur, and negligence cannot be predicated upon an act or omission from which there was no reason to anticipate that injury of any kind might result . . . ." *Trasacco* v. *New York, N.H. & H.R. Co.*, 113 Conn. 355, 362. Thus, can it be said as a matter of law that the risk from such an accident as the one in the instant case was not within the scope of that which the defendants were reasonably bound to anticipate? *Higgins* v. *Connecticut Light & Power Co.*, 129 Conn. 606, 613, and cases cited. On the question of foreseeability of harm, Connecticut has taken "a broad common-

sense view." James, "Chief Justice Maltbie and the Law of Negligence," 24 Conn. B.J. 61, 71, citing *Hinch* v. *Elliott,* 119 Conn. 207; *Figlar* v. *Gordon,* 133 Conn. 577.

In determining whether any given conduct involves an unreasonable risk of harm, the reasonably foreseeable conduct of others which may affect the consequences of the actor's conduct should be considered. "The case where the conduct of the other person (i.e., other than the actor whose conduct is being judged) is itself that of a normal, reasonably prudent adult, gives no trouble . . . ." 2 Harper & James, Torts, p. 940. Thus, one who creates a danger is held to realize that danger invites rescue. *Wagner* v. *International Ry. Co.,* 232 N.Y. 176, 180.

Where the plaintiff received personal injuries while attempting to protect or save another person's property from a fire, it has been held, in the more impressive and greater weight of authority, contrary to that in the aforementioned New Hampshire cases, that one who negligently causes such fire is liable for the injuries suffered. Note, 42 A.L.R.2d 494, 509; *Henry* v. *Cleveland, C., C. & St. L.R. Co.,* 67 Fed. 426; *Haverstick* v. *Southern Pac. Co.,* 1 Cal. App. 2d 605; *Wilson* v. *Central of Georgia Ry. Co.,* 132 Ga. 215; *Hines* v. *Bellah,* 26 Ga. App. 361; *Illinois Cent. R. Co.* v. *Siler,* 229 Ill. 390; *Liming* v. *Illinois Cent. R. Co.,* 81 Iowa 246; *Glanz* v. *Chicago, M. & St. P.Ry. Co.,* 119 Iowa 611; *Berg* v. *Great Northern Ry. Co.,* 70 Minn. 272; *Superior Oil Co.* v. *Richmond,* 172 Miss. 407; *Burnett* v. *Atlantic Coast Line R. Co.,* 132 N.C. 261; *Wilson* v. *Northern Pac. Ry. Co.,* 30 N.D. 456; *St. Louis-San Francisco R. Co.* v. *Ginn,* 264 P.2d 351 (Okla.); *Fairchild* v. *Lehigh Valley R. Co.,* 24 Pa. Dist. 419; *Wichita Falls Traction Co.* v. *Hibbs,* 211 S.W. 287 (Tex. Civ. App.).

Thus, the court finds the demurrer not well taken. The plaintiff may have his difficulties in proving his case, but he is entitled to his day in court.

For the reasons given, the demurrer is overruled.