Donald and Paula PIFER, Appellants,

v.

Sue MUSE, Appellee.

No. 06–98–00089–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 3, 1998.

Decided Dec. 29, 1998.

Michael C. Engelhart, Engelhart & Greenwood, Houston, for appellant.

Nicholas E. Zito, Markle, Ramos & Zito, Nathan Anthony Hardee, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Donald and Paula Pifer brought suit against Sue Muse seeking to recover damages for personal injuries Donald Pifer suffered when he attempted to rescue whom he supposed was a person trapped in a burning house that belonged to Muse. The trial court rendered a take-nothing summary judgment against the Pifers. We will affirm the judgment.

On January 31, 1995, Sue Muse left a lighted candle on a night stand in her house while she went to a store. The candle start-ed a fire that swept through the house. Donald Pifer, a neighbor, saw the flames coming from Muse's house and went on Muse's property to investigate. Through a window, he saw something in the house that he mistook for a body lying on a bed. He decided to try to go through the window to rescue the person he thought might be in danger. Suddenly, a bullet coming from inside the house struck Pifer in the arm, seriously injuring him. It is not clear from the summary judgment evidence whether Pifer broke the window and was trying to enter the house when he was shot or whether he was still standing outside the house. Nor is it clear what caused the shot, although there was a pistol in a plastic case in the house, and all parties assume that the heat caused the gun to discharge.

Muse moved for summary judgment on grounds that Pifer could recover only for premises defects, and since he was a trespasser or a mere licensee, he could not recover for Muse's ordinary negligence. Muse further alleged as a basis of her summary judgment motion that, as a matter of law, her act in leaving the lighted candle in the house was not the proximate cause of Pifer's injuries. The trial court granted the motion for summary judgment "in all things."

For summary judgment to be proper in this case, Muse must have negated by conclusive summary judgment evidence at least one essential element of each cause of action the Pifers alleged. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991).

The Pifers first contend that they are entitled to a trial on their cause of action based on a negligent activity theory. They give two reasons to support their contention. First, they argue that Muse did not address this cause of action in her motion for summary judgment. We disagree. Although Muse's motion for summary judgment did not set out in detail its negation of the Pifers' cause of action for negligent activity, it clearly pointed out that the only theory on which they could base liability was a premises defect theory. We conclude that this adequately raised the negligent activity issue.

■ Second, the Pifers contend that the summary judgment evidence raises a fact issue on negligent activity. Again, we cannot agree. To recover against a land possessor under a negligent activity theory the plaintiff must prove that he was injured by, or as a contemporaneous result of, the negligent activity itself, rather than by a condition created by the negligent activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992). The plaintiff's injuries must be directly related to an ongoing activity. *Stanley Stores, Inc. v. Veazey*, 838 S.W.2d 884, 886 (Tex.App.–Beaumont 1992, writ denied). If the injury was caused by a condition created by the activity rather than the activity itself, the plaintiff is limited to a premises liability theory of recovery. *Lucas v. Titus County Hosp. Dist./Titus County Mem. Hosp.*, 964 S.W.2d 144, 153 (Tex.App.–Texarkana 1998, pet. denied).

Donald Pifer alleged that he was injured because Muse left a lighted candle and a loaded gun in her home. Leaving the lighted candle and the gun was not an ongoing activity of Muse. Rather, it simply created a condition that ultimately allowed Pifer's injury to occur.

■ Likewise, the summary judgment evidence conclusively showed that the Pifers could not recover on a premises liability theory. Muse contends that Donald Pifer was a trespasser and that the only duty she owed to him was to refrain from injuring him through willful, wanton, or grossly negligent conduct. *City of Dallas v. Mitchell*, 870 S.W.2d 21, 22 (Tex.1994); *Lipton v. Wilhite*, 902 S.W.2d 598 (Tex.App.–Houston [1st Dist.] 1995, writ denied). We do not believe Pifer should be considered a trespasser under the facts of this case. *See Carney v. Buyea*, 271 A.D. 338, 65 N.Y.S.2d 902 (N.Y.App.Div.1946). Rather, we conclude that Pifer was a volunteer, because the summary judgment evidence shows that he was trying to rescue someone he thought was in danger. A volunteer occupies roughly the

same position as an implied licensee. RESTATEMENT (SECOND) OF TORTS § 332 cmt. b, § 330 cmt. e; *see Prestwood v. Taylor*, 728 S.W.2d 455 (Tex.App.–Austin 1987, writ ref'd n.r.e.); *Montgomery v. Houston Textile Mills*, 45 S.W.2d 140 (Tex. Comm'n App. 1932, holding approved); 65 C.J.S. *Negligence* §§ 63(143), 63(148) (1966).[1]

■ An owner or occupier of premises is not liable for injuries to a licensee unless the licensee's injuries are caused by willful, wanton, or grossly negligent conduct of the occupier, or the occupier knows, but fails to notify the licensee, of a dangerous condition on the property unknown to the licensee. *Lower Neches Valley Auth. v. Murphy*, 536 S.W.2d 561, 563 (Tex.1976); *Peters v. Detsco, Inc.*, 820 S.W.2d 38, 41 (Tex.App.–Houston [14th Dist.] 1991, writ denied).

■ There is neither a claim nor any summary judgment evidence here that Muse engaged in willful, wanton, or grossly negligent conduct. There is no summary judgment evidence that Muse had an opportunity to warn Pifer of any dangerous condition existing on the property. Additionally, the mere presence of the lighted candle and the loaded pistol did not constitute a dangerous condition of the property within the meaning of premises liability law.

■ Muse argues that a person cannot be an implied licensee unless there have been prior dealings between the parties that led the licensee to believe he was permitted to enter the premises. This rule applies to the requirements for establishing the capacity of an implied licensee in fact. We believe that Pifer was an implied licensee in law. Public policy favors public-spirited citizens volunteering to rescue persons apparently in dangerous circumstances, as well as attempting to prevent the spread of dangerous conditions that may arise on the property of others.[2] It seems to follow that when a danger-

---

1. Although not in point, the following cases are instructive on this general subject: *Gruetzemacher v. Billings*, 348 S.W.2d 952 (Mo.1961); *Nastasio v. Cinnamon*, 295 S.W.2d 117 (Mo.1956); *Carney v. Buyea*, 271 A.D. 338, 65 N.Y.S.2d 902 (N.Y.App.Div.1946); *Boss v. Prince's Drive–Ins*,

401 S.W.2d 140 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.).

2. Although not relevant to this case, we believe the "good Samaritan" statute is an indication that the public policy of Texas favors persons attempting to rescue persons believed to be in

ous condition arises on an absent owner's property that threatens the safety of another party or the public generally, the law will imply that the owner would acquiesce in passersby or other witnesses going upon his property in an attempt to rescue persons in danger or to reduce the risk to the property and the public generally. A similar public policy is incorporated in what some authorities call the rescue doctrine. *See, e.g., Boss v. Prince's Drive–Ins*, 401 S.W.2d 140 (Tex. Civ.App.–Waco 1966, writ ref'd n.r.e.); *Kelley v. Alexander*, 392 S.W.2d 790 (Tex.Civ.App.– San Antonio 1965, writ ref'd n.r.e.); *Walker Hauling Co. v. Johnson*, 110 Ga.App. 620, 139 S.E.2d 496 (Ga.Ct.App.1964); *Schmartz v. Harger*, 22 Conn.Supp. 308, 171 A.2d 89 (Conn.1961); 65 C.J.S. *Negligence* 63(143) (1966). The rescue doctrine, however, is ordinarily applied in determining foreseeability and contributory negligence, rather than the status of the volunteer for premises liability determination. Since Pifer occupied the position of a volunteer-licensee, the summary judgment evidence conclusively establishes that Muse is not liable for his injury.

▪▪▪ There is another reason why summary judgment was proper. The summary judgment evidence shows that Muse's act in leaving the lighted candle and a loaded gun in her house was not the proximate cause of Donald Pifer's injuries. Determining whether a defendant's negligence was a proximate cause of a plaintiff's injuries is generally a fact issue. *Peerenboom v. HSP Foods, Inc.*, 910 S.W.2d 156, 164 (Tex.App.— Waco 1995, no writ). When the facts are undisputed, however, proximate cause can be a question of law. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472 (Tex. 1995); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773 (Tex.1995); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470. The components of proximate cause are cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d at 477. The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about injury, without which the harm would not have occurred. Cause in fact is not established if the defendant's conduct does

no more than furnish the condition that makes the plaintiff's injury possible. *Union Pump Co. v. Allbritton*, 898 S.W.2d at 775. Moreover, if the connection between the defendant's negligence and the plaintiff's injury is too attenuated, cause in fact is not established. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d at 472.

We conclude that, as a matter of law, Muse's conduct in leaving a burning candle and a gun in her bedroom was not the cause in fact of Donald Pifer's injury. Her conduct merely created a condition that made Pifer's injury possible. The alleged negligence of Muse is too remote and attenuated to constitute the cause in fact of Pifer's injury.

The Pifers contend that the forces set in motion by lighting the candle had not come to rest and, as a result, Muse's conduct was the cause in fact of Donald Pifer's injury. They cite the Texas Supreme Court decision in *Union Pump Co. v. Allbritton* to support their argument. But the language in that case refers to intervening causes. Our case does not concern intervening, superseding, or concurring causes.

▪▪▪ Even if it could be considered that Muse's negligence was the cause in fact of Donald Pifer's injury, the element of foreseeability is not present. Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d at 478. It is not necessary that the defendant anticipate the exact injury that may grow out of a particular situation. *Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223 (Tex.1988). All that is required is that the injury be of such a general character that it might reasonably have been anticipated, and that the injured party be so situated with relation to the wrongful act that the injury might reasonably have been foreseen.

▪▪▪ The question of foreseeability and proximate cause generally includes a practical inquiry based on common experience applied to human conduct. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d at 478. The question asks whether the injury might reasonably have been contemplated as

peril. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.001 (Vernon 1997); *see also Hernandez v. Lukefahr*,

879 S.W.2d 137 (Tex.App.—Houston [14th Dist.] 1994, no writ).

a result of the defendant's conduct. Foreseeability requires more than theorizing an extraordinary sequence of events after viewing the facts in retrospect, whereby the defendant's conduct brings about the injury. RESTATEMENT (SECOND) OF TORTS § 435(2) (1965).

The Pifers contend that it is foreseeable that a burning candle might cause a house to catch fire. Likewise, they argue that it is foreseeable that someone might be injured as a result of explosions inside that burning house. Muse counters that it is not reasonably foreseeable that leaving a burning candle in a house might cause someone standing outside to be shot from inside the house. Muse also argues that Donald Pifer was not so situated with the alleged wrongful act of leaving the candle unattended that his injury could have been reasonably foreseen. Muse admits that burns, smoke inhalation, or being struck by debris could be foreseeable injuries, but she argues that being struck by a bullet is not foreseeable. We find that Donald Pifer's injury was not foreseeable. A finding that the injury was foreseeable would require viewing the facts in retrospect and theorizing an extraordinary sequence of events. Again, the injury to Donald Pifer was too attenuated from Muse's negligence to be reasonably foreseeable.

For all the reasons stated, we affirm the judgment of the trial court.