Opinion filed September 17, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed September
17, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00015-CV

                                                    __________

 

           ISABEL CRAWFORD, INDIVIDUALLY AND A/N/F ISABELLA

                                  CRAWFORD,
A MINOR, Appellant

 

                                                             V.

 

                    RICHARD
CLARK AND DIANNE CLARK, Appellees

 



 

                                         On
Appeal from the 221st District Court

 

                                                    Montgomery
County, Texas

 

                                          Trial
Court Cause No. 07-01-00467-CV

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
is an appeal from an order granting a motion for summary judgment in which
defendants Richard Clark and Dianne Clark[1]
requested that plaintiff take nothing as to all claims against them.  We
affirm. 








In
her sole issue, Isabel Crawford, individually and a/n/f Isabella Crawford, a
minor, asserts that summary judgment was erroneously granted because there was
evidence that premises owner Richard Clark had actual knowledge of the
existence and location of the age-inappropriate scissors that cut Isabella. 
Crawford=s issue on
appeal is directed at the cause of action regarding premises liability to a licensee.

The
parties agree that Isabella was a licensee when she was injured at the Clarks= residence.  A landowner
owes a licensee a duty to not injure the licensee by willful, wanton, or
grossly negligent conduct and to Ause
ordinary care either to warn a licensee of, or to make reasonably safe, a
dangerous condition of which the owner is aware and the licensee is not.@  State Dep=t of Highways &
Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992).

Crawford
contends that the Clarks=
motion for summary judgment was a traditional motion, not a no-evidence
motion.  See Tex. R. Civ. P.
166a(c), (i).  However, it appears to this court that the Clarks= motion is a hybrid
motion.  See Binur v. Jacobo, 135 S.W.3d 646, 650-51 (Tex. 2004).  In
their motion, the Clarks made the following assertions: AThere is no evidence where the scissors came
from or that [Richard Clark] knew the children were playing with the scissors@ and Athere is no evidence [that
the Clarks] conducted themselves willfully, wantonly, or through gross
negligence.@  The
Clarks also asserted they had no duty to take special precautions to protect
Isabella, a licensee, from Athe
risk of ordinary dangers.@

Because
the trial court did not specify the grounds it relied upon in granting the
summary judgment, we will affirm the summary judgment Aif any of the theories advanced are
meritorious.@  State
Farm Fire & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 380 (Tex.
1993); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).  We review a no‑evidence
summary judgment under the same standard as a directed verdict.  King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 750‑51 (Tex. 2003).  Accordingly, we
examine the record in the light most favorable to the nonmovant and disregard
all contrary evidence and inferences.  Id.; Wal‑Mart Stores,
Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  A trial court must
grant a proper no-evidence motion for summary judgment unless the nonmovant
produces more than a scintilla of probative evidence to raise a genuine issue
of material fact.  Rule 166a(i); Wal‑Mart, 92 S.W.3d at 506.  








A
trial court must grant a traditional motion for summary judgment if the moving
party establishes that no genuine issue of material fact exists and that it is
entitled to judgment as a matter of law.  Rule 166a(c); Lear Siegler, Inc.
v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  In order for a defendant to be
entitled to summary judgment, it must either disprove an element of each cause
of action or establish an affirmative defense as a matter of law.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  Once the movant
establishes a right to summary judgment, the nonmovant must come forward with
evidence or law that precludes summary judgment.  City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678‑79 (Tex. 1979).  When
reviewing a traditional summary judgment, the appellate court considers all the
evidence and takes as true evidence favorable to the nonmovant.  Am. Tobacco
Co., 951 S.W.2d at 425; Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548‑49 (Tex. 1985).  The appellate court Amust consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented@
and may not ignore Aundisputed
evidence in the record that cannot be disregarded.@  Goodyear Tire & Rubber Co. v. Mayes,
236 S.W.3d 754, 755, 757 (Tex. 2007).  

In
her response to the Clarks=
motion for summary judgment, Crawford did not assert or provide any evidence
that the Clarks acted willfully, wantonly, or with gross negligence.  Thus, a
no-evidence summary judgment was proper as to that issue.  

Next,
we must determine whether a genuine issue of fact existed as to the Clarks= duty to use ordinary care
either to warn or to make reasonably safe a dangerous condition of which the
Clarks were aware and Crawford was not.  The Clarks requested summary judgment
on the ground that they owed no duty to warn of ordinary risks.  Crawford
asserted that the Clarks owed a duty with respect to the known dangerous
condition B the
location and accessibility of the scissors.  Whether a duty exists is a
question of law for the court to determine.  Gen. Elec. Co. v. Moritz,
257 S.W.3d 211, 217 (Tex. 2008).  








The
summary judgment evidence showed that Crawford and her daughter Isabella
arrived at the Clarks=
residence, knocked on the door, and were invited inside by Richard Clark. 
Isabella went upstairs to play with the Clarks=
two daughters, who were ages four and six at the time, while the adults
remained downstairs.  Isabella received a cut on her face near her mouth from a
pair of scissors that the Clarks=
four-year-old daughter had been Atwirling.@  Neither adult knew the
children were playing with scissors, but Richard Clark knew the scissors were
customarily stored in a box in a cabinet and were used by and accessible to his
six-year-old daughter.  Crawford knew nothing about the scissors.  The scissors
were described by Richard Clark as Akid=s scissors@ and by Crawford as Aage-inappropriate scissors.@

We
hold that the trial court did not err in granting summary judgment on the basis
that the Clarks owed no duty as a matter of law with respect to the presence
and location of the scissors.  Neither the presence nor the location of the
scissors in the Clarks=
home constituted a dangerous condition for purposes of premises liability.  See
Pifer v. Muse, 984 S.W.2d 739, 742 (Tex. App.CTexarkana
1998, no pet.) (mere presence of a lighted candle and a loaded pistol did not
constitute a dangerous condition of the property under premises liability law);
Knorpp v. Hale, 981 S.W.2d 469, 474 (Tex. App.CTexarkana 1998, no pet.) (no duty owed to
licensee with respect to tree on premises, which did not constitute a dangerous
condition until licensee began cutting it).  The Clarks had no duty under the
circumstances of this case.  Crawford=s
issue is overruled.  

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

September 17,
2009

Panel consists of :  Wright,
C.J.,

McCall, J., and Strange, J.









[1]We note that the Clarks=
minor daughter, Annie Clark, also joined in the motion for summary judgment and
is shown as a party in the trial court=s
order.  However, the record reflects that Annie was nonsuited prior to the
entry of the order granting summary judgment.