**Opinion filed September 17, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-08-00015-CV**

_____

## ISABEL CRAWFORD, INDIVIDUALLY AND A/N/F ISABELLA CRAWFORD, A MINOR, Appellant

**V.**

## RICHARD CLARK AND DIANNE CLARK, Appellees

**On Appeal from the 221st District Court**

**Montgomery County, Texas**

**Trial Court Cause No. 07-01-00467-CV**

**M E M O R A N D U M   O P I N I O N**

This is an appeal from an order granting a motion for summary judgment in which defendants Richard Clark and Dianne Clark[1] requested that plaintiff take nothing as to all claims against them. We affirm.

_____

[1]We note that the Clarks' minor daughter, Annie Clark, also joined in the motion for summary judgment and is shown as a party in the trial court's order. However, the record reflects that Annie was nonsuited prior to the entry of the order granting summary judgment.

In her sole issue, Isabel Crawford, individually and a/n/f Isabella Crawford, a minor, asserts that summary judgment was erroneously granted because there was evidence that premises owner Richard Clark had actual knowledge of the existence and location of the age-inappropriate scissors that cut Isabella. Crawford's issue on appeal is directed at the cause of action regarding premises liability to a licensee.

The parties agree that Isabella was a licensee when she was injured at the Clarks' residence. A landowner owes a licensee a duty to not injure the licensee by willful, wanton, or grossly negligent conduct and to "use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

Crawford contends that the Clarks' motion for summary judgment was a traditional motion, not a no-evidence motion. *See* TEX. R. CIV. P. 166a(c), (i). However, it appears to this court that the Clarks' motion is a hybrid motion. *See Binur v. Jacobo*, 135 S.W.3d 646, 650-51 (Tex. 2004). In their motion, the Clarks made the following assertions: "There is no evidence where the scissors came from or that [Richard Clark] knew the children were playing with the scissors" and "there is no evidence [that the Clarks] conducted themselves willfully, wantonly, or through gross negligence." The Clarks also asserted they had no duty to take special precautions to protect Isabella, a licensee, from "the risk of ordinary dangers."

Because the trial court did not specify the grounds it relied upon in granting the summary judgment, we will affirm the summary judgment "if any of the theories advanced are meritorious." *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). We review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Accordingly, we examine the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.*; *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. Rule 166a(i); *Wal-Mart*, 92 S.W.3d at 506.

A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Rule 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). In order for a defendant to be entitled to summary judgment, it must either disprove an element of each cause of action or establish an affirmative defense as a matter of law. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Am. Tobacco Co.*, 951 S.W.2d at 425; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007).

In her response to the Clarks' motion for summary judgment, Crawford did not assert or provide any evidence that the Clarks acted willfully, wantonly, or with gross negligence. Thus, a no-evidence summary judgment was proper as to that issue.

Next, we must determine whether a genuine issue of fact existed as to the Clarks' duty to use ordinary care either to warn or to make reasonably safe a dangerous condition of which the Clarks were aware and Crawford was not. The Clarks requested summary judgment on the ground that they owed no duty to warn of ordinary risks. Crawford asserted that the Clarks owed a duty with respect to the known dangerous condition – the location and accessibility of the scissors. Whether a duty exists is a question of law for the court to determine. *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008).

The summary judgment evidence showed that Crawford and her daughter Isabella arrived at the Clarks' residence, knocked on the door, and were invited inside by Richard Clark. Isabella went upstairs to play with the Clarks' two daughters, who were ages four and six at the time, while the adults remained downstairs. Isabella received a cut on her face near her mouth from a pair of scissors that the Clarks' four-year-old daughter had been "twirling." Neither adult knew the children

3

were playing with scissors, but Richard Clark knew the scissors were customarily stored in a box in a cabinet and were used by and accessible to his six-year-old daughter. Crawford knew nothing about the scissors. The scissors were described by Richard Clark as "kid's scissors" and by Crawford as "age-inappropriate scissors."

We hold that the trial court did not err in granting summary judgment on the basis that the Clarks owed no duty as a matter of law with respect to the presence and location of the scissors. Neither the presence nor the location of the scissors in the Clarks' home constituted a dangerous condition for purposes of premises liability. *See Pifer v. Muse*, 984 S.W.2d 739, 742 (Tex. App.—Texarkana 1998, no pet.) (mere presence of a lighted candle and a loaded pistol did not constitute a dangerous condition of the property under premises liability law); *Knorpp v. Hale*, 981 S.W.2d 469, 474 (Tex. App.—Texarkana 1998, no pet.) (no duty owed to licensee with respect to tree on premises, which did not constitute a dangerous condition until licensee began cutting it). The Clarks had no duty under the circumstances of this case. Crawford's issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


September 17, 2009

Panel consists of : Wright, C.J.,
McCall, J., and Strange, J.

4