**Affirmed and Opinion filed July 27, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00197-CV

---

### RUTH HERNANDEZ, Appellant

### V.

### OZIEL GONZALEZ-FLORES, Appellee

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-53029A**

---

## O P I N I O N

Appellant Ruth Hernandez was accidentally shot in the ankle by a guest at a gathering hosted by appellee Oziel Gonzalez-Flores. Hernandez sued Gonzalez-Flores for negligence, alleging theories of premises liability as well as negligent activity. Following discovery, Gonzalez-Flores filed a traditional and no-evidence motion for summary judgment in his favor, which the trial court granted. Hernandez appeals the judgment, raising two issues.

In her first issue, Hernandez argues the trial court erred in granting summary judgment on her premises liability theory because the record shows a gun was left on a table at Gonzalez-Flores's party where guests were drinking alcohol, which raises a genuine issue of material fact regarding whether Gonzalez-Flores was grossly negligent. We conclude this evidence alone does not show Gonzalez-Flores was subjectively aware of an extreme degree of risk. In her second issue, Hernandez argues the trial court erred in granting summary judgment on her negligent activity theory. We conclude the leaving of a gun is not an ongoing activity. Therefore, the summary judgment record does not support a negligent activity theory. We affirm.

## BACKGROUND

Gonzalez-Flores decided to host a get-together and invited some friends and family over to barbecue. Gonzalez-Flores's cousins, Gabino Flores and Junior Flores, were among the people who attended. At the time, Hernandez was dating Junior, and he and Gabino invited Hernandez to Gonzalez-Flores's house for the get-together.

Guests started arriving between 5:00 p.m. and 7:00 p.m. Gabino arrived with his four-year-old son, who went inside the house to play with Gonzalez-Flores's son. Someone at the get-together went to the store to buy food and beer. The guests were gathered outside while Gonzalez-Flores and others cooked at the barbecue pit. The beer was outside near a picnic table. Gonzalez-Flores and other guests drank beer, and Hernandez drank wine that she brought for herself. Although people were drinking, no one appeared intoxicated.

Gabino brought a .45 caliber pistol. While it was still light outside, Gonzalez-Flores and some of the guests, including Hernandez, shot the gun at soda cans in the backyard. Hernandez testified in her deposition that until she was accidentally shot in the ankle, she never felt unsafe.

2

At some point, the gun was placed on the picnic table. Around 11 p.m. or 11:30 p.m., Hernandez, Gabino, and Junior were standing around the table when Gabino grabbed the gun and accidentally shot Hernandez in the ankle. Gonzalez-Flores was away from the table with his back turned and did not see who shot Hernandez.

Hernandez sued both Gonzalez-Flores and Gabino for negligence. Hernandez asserted both premises liability and negligent activity theories against Gonzalez-Flores. Following discovery, Gonzalez-Flores filed a traditional and no-evidence motion for summary judgment, asserting the following grounds: (1) there was no evidence he breached his duty as a premises owner; (2) he had no duty as a social host under the negligent activity cause of action; and (3) there was no evidence that he created a dangerous situation that would give rise to a duty. Hernandez responded that there was evidence raising a fact issue that Gonzalez-Flores was grossly negligent as a premises owner, that he owed a duty of reasonable care to Hernandez under the active negligence cause of action, and that Gonzalez-Flores created a dangerous situation. The trial court granted Gonzalez-Flores's motion for summary judgment without specifying the grounds, and Hernandez appealed.[1]

## ANALYSIS

### I. Standard of review and applicable law

We review the trial court's grant of summary judgment de novo. *See, e.g.,* *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and

---

[1] The trial court also granted Hernandez's motion to sever her case against Gonzalez-Flores from her case against Gabino, making the trial court's order granting summary judgment to Gonzalez-Flores final.

disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). When a party moves for summary judgment on both traditional and no-evidence grounds, we address the no-evidence grounds first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the trial court grants summary judgment without specifying the grounds, we affirm the judgment if any of the grounds presented are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Tamez,* 206 S.W.3d at 582.

The elements of negligence are a legal duty, breach of that duty, and damages proximately caused by the breach. *Taylor v. Louis*, 349 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Premises liability and negligent activity are both forms of negligence, but are distinct theories of recovery. *E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 56 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd by agr.). "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).

## II. The trial court did not err in granting Gonzalez-Flores no-evidence summary judgment on Hernandez's premises liability theory.

Hernandez argues the trial court erred in granting summary judgment to

Gonzalez-Flores on her premises liability theory because there was evidence raising a genuine issue of material fact that he was grossly negligent. Specifically, Hernandez points to evidence that Gonzalez-Flores was aware people were drinking and had been shooting a gun. Gonzalez-Flores responds that his knowledge that guests were drinking while there was a gun at his house is not evidence that he was grossly negligent.

### A. Gonzalez-Flores owed a duty not to injure Hernandez by gross negligence.

Premises liability is a form of negligence in which the owner's duty is determined by the plaintiff's status as an invitee, licensee, or trespasser. *Taylor*, 349 S.W.3d at 734. It is undisputed that Hernandez was a licensee because she was a social guest. *See id.* A premises owner has a duty not to injure a licensee by willful, wanton, or gross negligence. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974); *Taylor,* 349 S.W.3d at 734. This is the same duty owed to a trespasser. *Boerjan v. Rodriguez,* 436 S.W.3d 307, 311 (Tex. 2014); *Almanza v. Navar*, 225 S.W.3d 14, 21 (Tex. App.—El Paso 2005, no pet.). Additionally, an owner has a duty to warn the licensee or make a dangerous condition reasonably safe if the owner has actual knowledge of the dangerous condition and the licensee does not. *Taylor*, 349 S.W.3d at 734. Here, Hernandez is not arguing Gonzalez-Flores breached a duty to warn or make safe, but that he breached a duty not to injure her willfully, wantonly, or by gross negligence.

Gross negligence requires an objective element and a subjective element. *Boerjan*, 436 S.W.3d at 311; *see* Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (West 2015). First, "viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others." *Bojeran*, 436 S.W.3d at

5

311 (internal quotation marks omitted). Second, "the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others." *Id.* (internal quotation marks omitted). Under the objective element, an "extreme risk" is not a remote possibility of injury or even a high probability of minor harm, but "the likelihood of serious injury to the plaintiff." *Id.*; *Crooks v. Moses*, 138 S.W.3d 629, 640 (Tex. App.— Dallas 2004, no pet.). Under the subjective element, actual awareness means the defendant knew about the risk, but his acts or omissions demonstrated he did not care. *Boerjan*, 436 S.W.3d at 311.

## B. There is no evidence that Gonzalez-Flores was subjectively aware of an extreme degree of risk.

Hernandez asserts there is evidence from which a reasonable jury could find that Gonzalez-Flores was grossly negligent because a gun was left out on a table in his backyard during a party where guests were drinking alcohol. We conclude the evidence presented does not raise an issue of fact regarding whether Gonzalez-Flores was subjectively aware of an extreme degree of risk.

Gonzalez-Flores testified that he was aware alcohol was being consumed and a gun was being discharged at the party. He agreed with general statements by Hernandez's counsel that "handling a weapon or a gun can be dangerous," and that "drinking alcohol and handling weapons can also be dangerous." But he later disagreed with counsel's suggestion that "it's not a good idea" to drink alcohol and shoot a gun "where there are guests mingling around," clarifying that "we weren't shooting . . . around the people there. We were shooting in the back." Other evidence in the summary judgment record confirms that guests were shooting the gun at soda cans earlier in the evening and no one was hurt. In addition, Gonzalez-Flores, Hernandez, and Gabino each testified in their depositions that although

6

guests were drinking, no one was drunk or acting drunk.  Hernandez said she never felt unsafe at the get-together until Gabino accidentally shot her while retrieving his gun.  Considering this evidence in the light most favorable to Hernandez, we hold it cannot support a finding that Gonzalez-Flores had actual, subjective awareness of an extreme degree of risk.[2]

Hernandez has not identified any analogous cases supporting her argument that a landowner is grossly negligent if he knowingly permits guests to drink alcohol on his property while any guns are accessible, and therefore he is liable if one guest picks up a gun he brought and accidentally shoots another.  We hold that an objective Texan host, knowing only that guests are drinking and a gun is available for use, is not aware that serious injury is likely to occur.  *See Boerjan*, 436 S.W.3d at 311.  We need not decide how much more evidence of risk would be required to raise a fact issue regarding gross negligence because the record here is clear that no one at the party appeared intoxicated, the gun had been used safely by guests that evening, and Hernandez herself did not feel unsafe.[3]

On this record, the trial court did not err in granting no-evidence summary judgment against Hernandez's premises liability theory.  We overrule Hernandez's

---

[2] According to Hernandez, the record also shows that Gonzalez-Flores was concerned enough that he told his son to go inside the house when the gun came out.  To the contrary, Gonzalez-Flores testified in his deposition that it was Gabino who told his own son to go inside in order to play with Gonzalez-Flores's son, who was already inside.

[3] *Cf. Garcia v. Fifth Club, Inc.*, No. 03–03–00697–CV, 2005 WL 240425, at *6 (Tex. App.—Austin Feb. 3, 2005, pet. denied) (mem. op.) (affirming summary judgment that club serving alcohol was not grossly negligent in failing to change security policy in response to gun-brandishing incident); *Steak & Ale of Tex., Inc. v. Borneman*, 62 S.W.3d 898, 909 (Tex. App.—Fort Worth 2001, no pet.) (analogizing gross negligence standard to Dram Shop Act standard of whether person was "obviously intoxicated to the extent that he presented a clear danger to himself and others"); *Masso v. Neill*, No. B14–86–455–CV, 1987 WL 12349, at *2 (Tex. App.—Houston [14th Dist.] June 11, 1987, writ ref'd n.r.e.) (not designated for publication) (affirming directed verdict that defendant was not grossly negligent in driving after consuming alcohol because there was no evidence he was intoxicated).

7

first issue.

**III. The trial court did not err in granting Gonzalez-Flores no-evidence summary judgment on Hernandez's negligent activity theory.**

Hernandez argues the trial court erred in granting summary judgment to Gonzalez-Flores on her negligent activity theory because Gonzalez-Flores hosted a party combining alcohol and a gun. Gonzalez-Flores responds that he did not create a dangerous situation and that he is not legally responsible as a social host for the acts of Gabino.

**A. A negligent activity theory requires evidence of contemporaneous injury by an ongoing activity.**

To recover on a negligent activity theory, a plaintiff must have been injured by or as a contemporaneous result of an activity itself, not by a condition created by that activity. *Roye*, 447 S.W.3d at 56–57. The distinction between negligent activity and premises liability theories is sometimes unclear because "almost every artificial condition can be said to have been created by an activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). To support a negligent activity theory, the plaintiff's injury must be a result of an "ongoing activity" by the premises owner. *See id.* (plaintiff who slipped and fell after employees sprayed water on plants was injured as result of condition on premises, not by activity of spraying). Leaving a potentially dangerous object unattended is not an ongoing activity. *See Crooks*, 138 S.W.3d at 639 (plaintiff's injury resulting from explosion of unattended bonfire could not support negligent activity theory); *Pifer v. Muse*, 984 S.W.2d 739, 742 (Tex. App.—Texarkana 1998, no pet.) (leaving a lighted candle and loaded gun in home was not an ongoing activity); *Harrod v. Grider*, 701 S.W.2d 937, 938 (Tex. App.—Beaumont 1985, no writ) (failing to properly supervise and secure a BB gun was not evidence of active negligence).

**B.** **The record does not show an actionable ongoing activity by Gonzalez-Flores.**

According to Hernandez, the negligent activity was the ongoing act of leaving the gun on the table and not securing it. We conclude that leaving the gun on the table during the gathering cannot support a negligent activity theory because it was not an ongoing activity by Gonzalez-Flores. *See Keetch*, 845 S.W.2d at 264; *Crooks*, 138 S.W.3d at 639; *Pifer*, 984 S.W.2d at 742; *Harrod*, 701 S.W.2d at 938.

At some point, Gabino's gun was left unattended on the table; the record does not reflect who touched it last. Hernandez, Junior, and Gabino were standing around the table with the gun on it when Gabino picked it up and accidentally shot Hernandez in the ankle. Gonzalez-Flores was not near the table, and he had his back to them when Gabino accidentally shot Hernandez. This evidence cannot support Hernandez's negligent activity theory because it does not show any ongoing activity by Gonzalez-Flores.

To the extent Hernandez is arguing that the ongoing activity was Gonzalez-Flores's hosting of a party at which he permitted guests to drink and use a gun, Gonzalez-Flores had no duty to Hernandez as a social host to prevent a guest from injuring her. *See Graff v. Beard*, 858 S.W.2d 918, 920 (Tex. 1993) (no common-law duty for social host who merely makes alcohol available); *Gatten v. McCarley*, 391 S.W.3d 669, 675 (Tex. App.—Dallas 2013, no pet.) (social hosts had no legal duty to control guest who assaulted another guest). Therefore, the trial court did not err in granting no-evidence summary judgment against Hernandez's negligent activity theory. We overrule Hernandez's second issue.

**CONCLUSION**

Having overruled both of Hernandez's issues on appeal, we affirm the trial court's judgment.


/s/    J. Brett Busby
          Justice


Panel consists of Justices Boyce, Busby, and Wise.