LEAR SIEGLER, INC., Petitioner,

v.

Herlinda PEREZ, Individually and as Administratrix of the Estate of Rafael Pablo Perez, Deceased, Marlo Perez and Roberto Perez, Respondents.

No. D–0584.

Supreme Court of Texas.

Nov. 20, 1991.

Rose Guerra Reyna, McAllen, for petitioner.

Ramon Garcia, Catherine W. Smith, Edinburg, for respondents.

OPINION

GAMMAGE, Justice.

In this personal injury action, we consider whether a fact issue was raised as to causation in a summary judgment proceeding. The trial court granted summary judgment in part on grounds that, as a matter of law, no causal connection existed between the product manufactured by Lear

Siegler, Inc. and the injury. The court of appeals reversed and remanded, holding plaintiffs' evidence raised a fact issue that precluded summary judgment. 797 S.W.2d 222. Under the particular facts before us, we conclude that causation was negated as a matter of law. Accordingly, we reverse the judgment of the court of appeals and affirm the trial court's judgment.

Rafael Perez, while working for the Texas Highway Department, drove a truck pulling a flashing arrow sign behind a sweeping operation on Highway 83. The function of the sign, which was manufactured by Lear Siegler, was to warn traffic of the highway maintenance. Perez had stopped his vehicle on the traveled portion of the road when a vehicle approached. A van driven by Alfonso Lerma, who had fallen asleep at the wheel, struck the sign, which in turn struck Perez and knocked him through the air to the pavement several yards away. Perez sustained severe injuries from which he subsequently died.

Plaintiffs, who are Perez's survivors and legal representatives of his estate, sued the manufacturer on negligence and product liability theories. Lear Siegler moved for summary judgment on grounds that the sign, as a matter of law, did not cause the accident. In support of its motion, Lear Siegler offered an uncontradicted affidavit of an eyewitness to the accident stating that the sign was working properly when Lerma's vehicle and other traffic approached.

Plaintiffs, on the other hand, asserted that Perez stopped his truck because the sign malfunctioned, and the defect in the sign thereby placed Perez in the "zone of danger" of Lerma's oncoming vehicle. They submitted a co-employee's affidavit stating that the same warning sign had malfunctioned when he pulled it the day before the accident. The affidavit further stated that, because the wire connections from the sign to the generator worked loose in bumpy driving, it was necessary to get out of the truck and push the wire connections back together. Plaintiffs thus contended that the sign malfunctioned on the day of the accident, that the malfunc-

tion was the reason Perez stopped his truck and positioned himself near the sign, and that the eyewitness saw the sign working shortly before the accident because Perez had pushed the wires back or otherwise corrected the malfunction.

■ To be entitled to summary judgment, Lear Siegler had the burden to establish that there existed no genuine issue of fact thereby entitling it to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). All doubts are resolved against the movant, and the reviewing court must view the evidence in the light most favorable to the non-movants. *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex. 1990).

■ For a defendant to be entitled to summary judgment it must *disprove*, as a matter of law, one of the essential elements of each of plaintiffs' causes of action. *Citizens First National Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976). Lear Siegler moved for summary judgment on grounds that causation was negated as a matter of law. Viewing the evidence in the light most favorable to plaintiffs, Lear Siegler failed to establish that a malfunction of the sign was *not* the reason Perez stopped his truck. We must determine, however, assuming the facts are as asserted by plaintiffs, whether Lear Siegler is correct in asserting there is no causative link between the sign defect and the injury as a matter of law.

■ Negligent conduct is a cause of harm to another if, in a natural and continuous sequence, it produces an event, and without the negligent conduct such event would not have occurred. *See, e.g., Rudes v. Gottschalk*, 159 Tex. 552, 558–59, 324 S.W.2d 201, 207 (Tex.1959). There may be more than one proximate cause of an event. *Strakos v. Gehring*, 360 S.W.2d 787, 789 (Tex.1962); *McAfee v. Travis Gas Corp.*, 137 Tex. 314, 323, 153 S.W.2d 442, 447 (1941).

■ Though we have not adopted the RESTATEMENT (SECOND) OF TORTS in its entire-

ty in Texas, we find its discussion of "legal cause" instructive:

> In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. * * * [T]his is necessary, but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense," yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.

RESTATEMENT (SECOND) OF TORTS § 431, comment a (1965) (emphasis in original).[1]

We recognize there may be cases in which a product defect or a defendant's negligence exposes another to an increased risk of harm by placing him in a particular place at a given time. Nonetheless, there are certain situations in which the happenstance of place and time is too attenuated from the defendant's conduct for liability to be imposed.

■ It is undisputed that Lerma was asleep, and proper operation of the flashing arrow sign would have had no effect on his conduct. Plaintiffs assert that, had the sign functioned properly, Perez would not have been at the place where the collision occurred at the time it occurred. We conclude that these particular circumstances are too remotely connected with Lear Siegler's conduct to constitute legal cause. *Cf.* W. KEETON, PROSSER AND KEETON ON TORTS § 41, at 254 nn. 5–6 & accompanying

text (5th ed. 1984). If Perez had instead taken the sign back to the highway department office where the roof caved in on him, we likewise would not regard it as a legal cause.

The trial court correctly held the defect, whether under a products liability or negligence theory of recovery, was not a legal cause of the accident and resulting injuries and death. We reverse the judgment of the court of appeals and affirm the trial court's summary judgment that plaintiffs take nothing against Lear Siegler.

---

1. Further, though stated in terms of negligent conduct, the distinctions between "legal cause" and "philosophic cause" are "equally applicable where the conduct ... is such as to result in strict liability." RESTATEMENT (SECOND) OF TORTS § 321, comment e (1965). It thus does not matter whether the causation standard is proximate cause for negligent conduct or producing cause for strict liability in tort.