TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00411-CV







James Elston, Individually and on Behalf of All Others Similarly Situated, Appellant


v.


Bank of New York (Delaware), Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. 95-06723, HONORABLE JOSEPH H. HART, JUDGE PRESIDING






 Appellant James Elston sued appellee Bank of New York (Delaware) (the "Bank"), for
alleged violations of the Debt Collection Act (the Act). See Tex. Rev. Civ. Stat. Ann. art. 5069-11.01 to
11.12 (West 1987 & Supp. 1997). The district court granted the Bank summary judgment, from which
Elston appeals. We will affirm the district court's judgment.


THE CONTROVERSY

 This dispute began when Elston fell behind on his credit card payments and the Bank
attempted to collect the debt. At that time, the Act required debt collection letters to contain a street
address. See Act of May 19, 1973, 63d Leg., R.S., ch. 547, § 5, 1973 Tex. Gen. Laws 1513 (Tex. Rev.
Civ. Stat. Ann. art. 5069-11.05(e), since amended). While this lawsuit was pending before the district
court, the legislature amended the statute to require debt collection letters to contain a street address or
a post office box and a phone number. See Tex. Rev. Civ. Stat. Ann. art. 5069-11.05(e) (West Supp.
1997). The Bank sent Elston twelve letters. None contained the Bank's street address. The letters did,
however, contain the Bank's post office box and toll-free phone number. 

 In response to the Bank's actions, Elston sued in district court, seeking $100 per alleged
violation of the Act. The Bank moved for summary judgment, alleging: (1) it did not violate the street
address requirement because the subsequent amendment to the Act made the inclusion of a post office box
number and telephone number sufficient; (2) Elston failed to prove the omission of the street address
rendered the letters fraudulent, deceptive, or misleading, as required by the Act; and (3) Elston failed to
prove actual damages caused by the alleged violations, as required by the Act. Elston responded and
moved for partial summary judgment, alleging: (1) the subsequent amendment to the Act was
unconstitutional and therefore did not bring the letters into compliance with the Act; (2) he was not required
to prove the alleged violations rendered the letters fraudulent, deceptive, or misleading; (3) he was not
required to prove actual damages because the Act provided an automatic penalty for the alleged violations;
and (4) in any event, he had produced evidence of actual damages. The trial court granted the Bank's
motion for summary judgment and denied Elston's motion for partial summary judgment. The court did
not, however, state the basis of its ruling. Elston appeals the trial court's ruling in one point of error.


STANDARD OF REVIEW

 The standards of review of a summary judgment are well settled: (1) the movant must show
there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, the court must take evidence
favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of
the nonmovant and resolve any doubts in the nonmovant's favor. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 A defendant seeking summary judgment based on a plaintiff's inability to prove his case
must conclusively disprove at least one element of each of the plaintiff's causes of action. Lear v. Siegler,
Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Only when the defendant disproves one of the essential
elements of a cause of action does the plaintiff carry the burden of producing controverting evidence and
raising a fact issue as to the negated element. See City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979). 

 Because the propriety of summary judgment is a question of law, we review the trial court's
decision de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). When a trial court
does not state the basis for its decision in its summary-judgment order, we must uphold the order if any of
the theories advanced in the motion are meritorious. Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79
(Tex. 1989). Conversely, we must reverse the order if we find no valid legal basis in the motion. Because
the trial court did not state the basis for its ruling, we will assume for purposes of this opinion that the court
agreed with each of the Bank's contentions in its motion.


DISCUSSION

 In one point of error, Elston raises virtually all of the issues argued in the summary-judgment
proceedings before the district court. It is not necessary for us to discuss them all, however, because we
can dispose of the case by discussing only the actual damages issues. For purposes of that discussion, we
will assume without deciding that (1) the subsequent amendment was unconstitutional, (2) the Bank violated
the applicable statute, and (3) Elston was not required to prove the alleged violations were fraudulent,
misleading, or deceptive.

 Elston argues the district court erred in granting summary judgment for the Bank on the
basis that he was required to prove actual damages in order to recover under the Act. Elston sued under
the section of the Act entitled "Civil remedies," which reads in relevant part:


(a) Any person may seek injunctive relief to prevent or restrain a violation of this Act
and any person may maintain an action for actual damages sustained as a result
of a violation of this Act.


* * *

(c) A person who successfully maintains an action under this article shall be
awarded at least $100 for each violation of this Act.



Tex. Rev. Civ. Stat. Ann. art. 5069-11.10(a) (West 1987); Act of May 23, 1993, 73d Leg., R.S., ch.
813, § 2, 1993 Tex. Gen. Laws 3248 (Tex. Rev. Civ. Stat. Ann. art. 5069-11.10(c), since amended)
(emphasis added). Elston argues subsection (c) provides a cause of action independent of subsection (a). 
He reasons, therefore, that a person who establishes a violation of the Act is automatically entitled to the
measure of damages set forth in subsection (c), without regard to whether the person has suffered actual
damages or otherwise successfully maintained an action under subsection (a).

 In a companion case decided today, Elston v. Resolution Services, Inc., No. 03-96-414-CV (Tex. App.--Austin July 24, 1997, no writ h.), we hold article 5069-11.10(c) sets the minimum
amount of damages a court should award a person who has successfully maintained an action under
subsection (a). Elston did not seek an injunction in this case. (1) In order to obtain the minimum award of
$100, therefore, Elston was required to prove some actual damages. The Bank argued in its summary-judgment motion that Elston failed to produce evidence of actual damages. Consequently, we must
determine whether Elston produced controverting proof of actual damages.

 The only proof Elston offered on the issue of actual damages was his personal affidavit. 
In the affidavit, Elston stated,


The stress of my financial situation, my inability to pay creditors and debt collectors calling
me and writing me about my debt affected my work performance and aggravated old knee
and shoulder injuries. I experienced anxiety, sleeplessness and stress. It created stress in
my marriage and other relationships. The efforts . . . to collect the debt significantly
contributed to my stress and anxiety, seriously upset my wife and me.



These statements suggest Elston suffered actual damages as a result of his inability to pay his debt and the
Bank's attempt to collect the debt. 

 The statements do not, however, reveal Elston suffered actual damages as a result of the
Bank's failure to put a street address on its letters. Elston alleges various physical and psychological
injuries but does not link them to the actual violations of which he complains. The Act requires such a link. 
It provides a cause of action for "actual damages sustained as a result of a violation of this Act." Tex.
Rev. Civ. Stat. Ann. art. 5069-11.10(a) (emphasis added). Because Elston failed to establish conclusively
in his response to the motion for summary judgment that he suffered actual damages related to the alleged
violations, he failed to carry his burden of proof at the summary-judgment proceeding. The trial court did
not err in granting the Bank's motion and we overrule Elston's point of error.


CONCLUSION

 We have held that article 5069-11.10(c) provides a minimum amount of damages for
parties who successfully prove violations of the Debt Collection Act that result in actual damages. We have
also held that Elston did not provide summary-judgment proof that he suffered actual damages resulting
from the Bank's alleged violation of the Act. We, therefore, affirm the judgment of the trial court.



 __________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: July 24, 1997

Do Not Publish
1. In the companion case, No. 03-96-414-CV, we reserve the question of whether a party who
obtains an injunction under subsection (a) is entitled to $100 in damages under subsection (c).



 an action under this article shall be
awarded at least $100 for each violation of this Act.



Tex. Rev. Civ. Stat. Ann. art. 5069-11.10(a) (West 1987); Act of May 23, 1993, 73d Leg., R.S., ch.
813, § 2, 1993 Tex. Gen. Laws 3248 (Tex. Rev. Civ. Stat. Ann. art. 5069-11.10(c), since amended)
(emphasis added). Elston argues subsection (c) provides a cause of action independent of subsection (a). 
He reasons, therefore, that a person who establishes a violation of the Act is automatically entitled to the
measure of damages set forth in subsection (c), without regard to whether the person has suffered actual
damages or otherwise successfully maintained an action under subsection (a).

 In a companion case decided today, Elston v. Resolution Services, Inc., No. 03-96-414-CV (Tex. App.--Austin July 24, 1997, no writ h.), we hold article 5069-11.10(c) sets the minimum
amount of damages a court should award a person who has successfully maintained an action under
subsection (a). Elston did not seek an injunction in this case. (1) In order to obtain the minimum award of
$100, therefore, Elston was required to prove some actual damages. The Bank argued in its summary-judgment motion that Elston failed to produce evidence of actual damages. Consequently, we must
determine whether Elston produced controverting proof of actual damages.

 The only proof Elston offered on the issue of actual damages was his personal affidavit. 
In the affidavit, Elston stated,


The stress of my financial situation, my inability to pay creditors and debt collectors calling
me and writing me about my debt affected my work performance and aggravated old knee
and shoulder injuries. I experienced anxiety, sleeplessness and stress. It created stress in
my marriage and other relationships. The efforts . . . to collect the debt significantly
contributed to my stress and anxiety, seriously upset my wife and me.