# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00360-CV

**Riad Elsolh Hamad, Appellant**

**v.**

**Texas State Teachers Association and Texas Faculty Association, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. 99-07734, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

Riad Elsolh Hamad appeals from the trial court's summary judgment against him in his suit against the Texas State Teachers Association (TSTA) and the Texas Faculty Association (TFA).[1]  We affirm the trial court's judgment.

### Background

TSTA is a non-profit professional labor organization that serves public school teachers (grades kindergarten through twelfth grade).  Membership is voluntary and requires the payment of dues.  Although TFA is affiliated with TSTA, it is a separate organization with different benefits that

---

[1]    This suit arises out of Hamad's discharge from Austin Community College, which has previously been the subject of litigation in this Court and in federal court. *See Hamad v. Austin Cmty. Coll.*, No. 03-00-00115-CV, 2000 Tex. App. LEXIS 4919 (Tex. App.—Austin July 27, 2000, pet. denied) (not designated for publication); *Hamad v. Thomas*, No. 03-00-00175-CV, 2000 Tex. App. LEXIS 2557 (Tex. App.—Austin April 20, 2000, no pet.) (not designated for publication); Nos. A-99-CA-232-SS and A-99-CA-398-SS, United States District Court, Western District of Texas, Austin Division, dismissed as frivolous, September 16, 1999.

serves teachers employed in higher education. Each organization, as part of its membership benefits package, provides legal services under certain circumstances. Hamad's suit against TSTA and TFA arises from his claim that the organizations misrepresented the nature of the legal services they would provide to him.

Hamad was a part-time instructor at Austin Community College (ACC). Based on student complaints, he was discharged during the summer of 1998. At the time of his discharge from ACC, he was a TSTA but not a TFA member.[2] Hamad approached TFA executive director Dr. Charles Zucker with his problem. Although TFA could have refused to assist Hamad because his employment problem predated his attempt to join the organization, Zucker agreed to help Hamad; Hamad at that point paid a fourteen-dollar fee to join TFA. Zucker successfully forced ACC to provide Hamad with a grievance process and to allow Hamad to have representation during that process. Zucker also used a Public Information Act[3] request to obtain the student complaints against him, which ACC had refused to allow Hamad to see.

Zucker then negotiated a settlement with ACC on Hamad's behalf by which ACC would pay Hamad for the courses he was prevented from teaching after his discharge, reinstate him as an instructor, and apologize to him. However, ACC's offer also included a stipulation that Hamad work with a mentor to improve his teaching skills. Hamad rejected the offer. Hamad then filed a complaint with the United States Equal Employment Opportunity Commission against ACC and it

---

[2] TSTA members, as public-school employees, have certain statutory rights concerning contracts, probationary periods, and termination procedures. *See generally* Tex. Educ. Code Ann. §§ 21.101-.307 (West 1996 & Supp. 2001). Hamad has been a substitute teacher for the Austin Independent School District since 1994. Employees in higher education, those served by TFA, do not have such statutory rights. Hamad's ACC position is with an institution of higher education.

[3] *See* Tex. Gov't Code Ann. §§ 552.001-.353 (West Supp. 2002).

withdrew its offer. In October 1998, Hamad notified Zucker that he had decided to seek legal assistance from private counsel and that TFA should cease any further negotiations on his behalf. TFA's legal department was in the process of reviewing Hamad's file to determine whether to litigate; Hamad by the same communication asked that the file be turned over to him, which it was. In his deposition, Hamad admitted saying, "Don't talk to them [ACC]. Give me the file and I will deal with it from now on." There was no further communication from Hamad to TFA or TSTA until he filed this suit.

On appeal, Hamad claims that the trial court erred in granting summary judgment because fact issues existed about whether appellees breached a contract to provide an attorney (issues one and two); and about whether appellees committed fraud and misrepresentation about the benefits their organizations offered (issues three and four).

## Discussion

### *Standard of Review*

Appellees must show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, the court must indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548-49. The court assumes all evidence favorable to the nonmovant is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d 548-49.

3

Appellees are entitled to summary judgment if the evidence disproves as a matter of law at least one element of the appellant's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence that would raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

### *Hamad's Causes of Action*

The facts underlying Hamad's causes of action are his complaints that appellees' promotional material in essence unconditionally guaranteed him representation by an attorney in his employment dispute. To establish this claim, Hamad relies on a mix of promotional material from TSTA and TFA, although much of it is similar.[4] One major difference is that TSTA's promotional material makes specific references to assistance in disputes involving term contract non-renewal problems, a matter relevant only to public-school employment. A review of the material shows representations concerning legal services were carefully limited. TFA's material states that higher education employees have limited rights in Texas. The statement, "TFA does not relish filing lawsuits" is made as well as the statement that TFA prefers mediation and negotiation to resolve employer-employee disputes. The TFA material explains that a trained volunteer or non-attorney

---

[4] Appellees complain that Hamad admitted in his deposition that he was relying on certain exhibits to the deposition to support his claim and then attempted to use other documents after the summary judgment motion was filed. We note that the documents about which appellees complain were included in the response to the motion for summary judgment. The record does not show any motion to strike was in before the court. Accordingly, appellees have waived any complaint about the documents included with the response.

4

staff member will represent the employee in grievance proceedings against the employer.[5] TFA's promotional material states that a member must apply for legal services and the potential case must be evaluated by the General Counsel's office. Once approved, there is no arbitrary limit on the amount of money that will be spent, but legal representation is not automatic. The TSTA material states there is no vested right to receive financial assistance for a lawsuit. Hamad relies on material that states that up to $30,000 in legal services will be provided by TSTA, without acknowledging that TSTA is not responsible for higher education employment disputes and that coverage is conditioned on approval by the General Counsel's office.

**Breach of Contract**  In his first two issues, Hamad contends that TFA breached its contract to provide him legal services and that Zucker breached his oral promise to provide legal help. In order to prevail on his breach of contract claim, Hamad must prove: (1) the existence of a valid contract; (2) that he performed under the contract; (3) breach of the contract by TSTA/TFA; and (4) damages. *See Scott v. Sebree*, 986 S.W.2d 364, 372 (Tex. App.—Austin 1999, pet. denied); *Hussong v. Schwan's Sales Enter., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Landrum v. Devenport*, 616 S.W.2d 359, 361 (Tex. App.—Texarkana 1981, no writ).

Even if Hamad can use the promotional material to create a contract for legal services, that contract is for limited services. By deposition, he admitted that he knew that Zucker was not an attorney and could not approve the filing of a lawsuit; that approval had to come from the General Counsel's office. Hamad terminated TFA's services before a breach of any contract could occur

---

[5]    An agent of a labor organization that does not claim the right to strike may represent an employee in a grievance proceeding against a government entity. Tex. Gov't Code Ann. § 617.005 (West 1994).

because the General Counsel's office was still in the process of evaluating his situation. Appellees could not provide Hamad with legal counsel over his objection. Appellees have proved, as a matter of law, that Hamad could not establish at least one element of a cause of action for breach of contract. We overrule issues one and two.

**Fraud/Misrepresentation** In his third and fourth issues, Hamad claims that appellees committed fraud and misrepresentation about the legal services provided as a membership benefit. To prevail on his claim, Hamad must show that appellees made a material representation that was false; that they made it knowing it was false or made it recklessly without any knowledge of its truth and as a positive assertion; that they made it with the intention that Hamad should act on it; and that Hamad acted in reliance on the representation and suffered injury. *See Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *Trenholm v. Ratcliff*, 646 S.W.2d 927 (Tex. 1983).

As discussed above, no false representation about legal services was made. No evidence shows that appellees, either as an organization or through Zucker, knowingly or recklessly made any false representation. Further, TSTA could not have intended that Hamad act on any representations about TSTA's legal services to join TSTA, as it does not offer legal representation in higher-education employment disputes. Zucker, acting on behalf of TFA, fulfilled his representation that he could help Hamad by negotiating a settlement with favorable terms that Hamad rejected. Hamad terminated the ability of TFA to provide him with legal counsel before a decision had been made; TFA never denied him counsel. Appellees have proved, as a matter of law, that

6

Hamad cannot establish at least one element of a cause of action for fraud or misrepresentation. We overrule issues three and four.

## Conclusion

Appellees have demonstrated their entitlement to summary judgment by negating at least one element of Hamad's causes of action as a matter of law. We have overruled all of Hamad's issues and affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   December 20, 2001

Do Not Publish