Opinion issued May 30, 2002









 





In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00592-CV

____________


JOHN H. ANDREWS, Appellant


V.


MARTIN J. ARISCO AND RICHARD J. THOMSON, IN THEIR
CAPACITY AS DIRECTORS OF SAN JACINTO OPTICAL OF
BAYTOWN, INC., TRUSTEES OF THE 1997 SAN JACINTO OPTICAL OF
BAYTOWN TRUST, AND SHAREHOLDERS OF SAN JACINTO
OPTICAL OF BAYTOWN, INC., Appellees






On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 97-47560






O P I N I O N

 Appellant, John H. Andrews, claims the trial court erred in granting Martin J.
Arisco and Richard J. Thomson's motion for summary judgment because there were
fact issues surrounding the propriety of the dissolution of San Jacinto Optical. We
affirm.

Background


 Andrews, Arisco, and Thomson are licensed opthalmologists who practiced
together at the San Jacinto Regional Eye Center (the Eye Center). Arisco and
Thomson were partners in the Eye Center, and they subleased space to Andrews. 

 In 1989, the three doctors opened San Jacinto Optical of Baytown, Inc., next
door to the Eye Center, to serve their patients after they had been seen by one of the
doctors. Their patients could purchase glasses and other optical needs at San Jacinto
Optical, and more than 90 percent of its business was derived from the Eye Center's
patients. The Eye Center owned the lease, a computer system, and a telephone system
which were all loaned to San Jacinto Optical for use on an at-will basis.

 The three doctors were the directors and shareholders of San Jacinto Optical. 
Andrews owned one-third of the stock in his name, and Arisco and Thomson each
held legal title to one-third of the stock in trust for their children.

 In January of 1997, after a "falling out," Andrews terminated his office-sharing
relationship with Arisco and Thomson at the Eye Center and opened his own office
elsewhere. A couple of months later, he sued Arisco and Thomson to recover
damages for alleged injuries to his practice. The suit was settled and dismissed.

 Arisco and Thomson decided it would be best to completely separate
themselves from Andrews. Andrews had already left the Eye Center but remained
one-third owner of San Jacinto Optical. Arisco and Thomson determined to end their
relationship in San Jacinto Optical by exercising their statutory right of dissolution
under the Texas dissolution statutes. See Tex. Bus. Corp. Act. Ann. art. 6.03 - .07
(Vernon 1980 and Supp. 2002). 

 Andrews cast his one-third vote opposing the dissolution. He wanted Arisco
and Thomson to sell the company and demanded they appraise and purchase his stock
as if San Jacinto Optical were an ongoing business and not in dissolution.

 Arisco and Thomson filed suit for declaratory judgment seeking, among other
things, to have the trial court declare that the dissolution was lawful and that the
dissolution statutes prescribed a distribution of assets to Andrews.

 On December 1, 1997, after the requisite number of shareholders voted to
dissolve, San Jacinto Optical ceased to exist. Andrews was given written notice that
the shareholder-approved plan of liquidation would be implemented at a meeting on
December 6, 1997. After paying its creditors, the assets of San Jacinto Optical were
divided into three lots, and each lot was randomly given to the three shareholders. (1) 
After all the remaining assets were distributed and outstanding taxes were paid, the
Secretary of State issued a certificate of dissolution.

 Arisco and Thomson continued their practice at the Eye Center, and Andrews
continued his practice elsewhere. On December 4, 1997, Arisco and Thomson
incorporated San Jacinto Professional Optical, Inc. (Professional Optical) to take the
place of the dissolved San Jacinto Optical. Andrews claimed that, except for its
name, Professional Optical was essentially San Jacinto Optical absent his partial
ownership. 

 Arisco and Thomson filed motions for summary judgment in their declaratory
judgment action. Andrews countered that the "dissolution" was, in fact, an illegal
transfer of the assets from one company to another. He argued that, as a dissenting
shareholder, he was entitled to have his one-third stock appraised and then purchased
for the appraised value.

 In their first supplemental motion for summary judgment, Arisco and Thomson
addressed Andrews's transfer causes of action that sought recovery of the fair market
value of the shares. The motion sought to establish that the Texas dissolution statutes
governed the case and prescribed the distribution of assets, rather than an appraisal
and purchase of stock. The trial court granted the motion; therefore, the case was set
to be tried pursuant to the dissolution statutes, and Andrews was free to pursue his
rights in dissolution to recover any asset he alleged was not properly distributed in
dissolution.

 Andrews stipulated that he did not intend to assert or try any claims to recover
the value of any specific assets and that the only claim for relief he intended to pursue
was the recovery of the price of his stock at a value as if the corporation was an
ongoing business and not in dissolution. (2) This stipulation, combined with the trial
court's ruling, left no issue of fact for trial.

 Andrews memorialized his waiver of dissolution rights in the final judgment
as follows:

 Following such ruling, Defendant Andrews STIPULATED of record
that the only relief sought by Defendant Andrews against Plaintiffs and
Third Party Defendants in this case was the recovery of the fair market
value of his stock in San Jacinto Optical of Baytown, Inc. . . . and that
he waived and non-suited all other claims for relief . . . . Defendant
Andrews further stipulated that he waived, non-suited and would not
seek an accounting for, seek recovery of, or offer any evidence of the
fair market value of any particular items alleged to be assets of San
Jacinto Optical of Baytown, Inc.


 Andrews appeals the granting of Arisco and Thomson's first supplemental
motion for summary judgment. (3)

Summary Judgment


 In six points of error, Andrews argues the trial court erred in granting Arisco
and Thomson's motion for summary judgment because fact issues exist as to whether
(1) they transferred substantially all of the assets of the subject corporation to their
new entity thereby triggering his rights to the fair market value of his stock as a
dissenting shareholder; (2) their conduct constituted fraud; (3) their conduct
constituted a breach of their fiduciary duties as directors and officers to him as a
shareholder; (4) their conduct constituted a civil conspiracy; (5) they converted his
stock; and (6) he was entitled to any equitable buyout of his stock based on Arisco
and Thomson's oppressive conduct.


Standard of Review

 Under rule 166a(c), summary judgment is proper only when the movant
establishes there is no genuine issue of material fact and the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31,
34 (Tex. App.--Houston [1st Dist.] 1994, writ denied). As movant, the defendant is
entitled to summary judgment if the evidence disproves as a matter of law at least one
element of each of the plaintiff's causes of action. Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex. 1991); Marchal v. Webb, 859 S.W.2d 408, 412 (Tex.
App.--Houston [1st Dist.] 1993, writ denied). We will take all evidence favorable
to the nonmovant as true. Johnson, 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33.

Dissolution

 In issue one, Andrews argues the trial court erred in granting Arisco and
Thomson's motion for summary judgment because a fact issue existed as to whether
they transferred substantially all of San Jacinto Optical's assets to their new entity,
thereby triggering his rights to the fair value of his stock as a dissenting shareholder.

 The final judgment ordered, adjudged, and decreed the following:


 San Jacinto Optical was dissolved, and a certificate of dissolution
was issued by the Secretary of State;

 Andrews's causes of action seeking damages and recovery of the
fair market value of his stock were dismissed, and he took
nothing; and,



 3. Andrews's causes of action and relief were limited to an action
for an accounting of the assets he believed were improperly
distributed to him in dissolution . . . .


Andrews stipulated that the only relief he sought was the recovery of the fair market
value of his San Jacinto Optical stock, and he waived and nonsuited all other claims. 
He also stipulated that he waived and nonsuited recovery of, and would not seek an
accounting for, the fair market value of the San Jacinto Optical assets. Andrews and
Arisco and Thomson stipulated that the trial court's ruling barred the only claim for
relief Andrews sought, and mooted Arisco and Thomson's declaratory relief claims.

 Part 6 of the Texas Business Corporation Act outlines the steps to take for a
voluntary dissolution. A corporation may be dissolved by act of the corporation in
the following manner: (1) the board of directors shall adopt a resolution
recommending that the corporation be dissolved, and the question of dissolution shall
be submitted to a vote of the shareholders; (2) written notice shall be given to each
shareholder, stating the purpose of the meeting is to consider dissolution; (3) the
shareholders shall vote, and the resolution recommending dissolution shall be
adopted with an affirmative vote of at least two-thirds of the outstanding shares; and
(4) upon adoption of the resolution, the corporation shall file the articles of
dissolution with the Secretary of State. Tex. Bus. Corp. Act Ann. art. 6.03 (Vernon
1980 and Supp. 2002). After paying or discharging all its obligations, the corporation
shall then distribute the remainder of its assets, either in cash or in kind, among its
shareholders according to their respective rights and interests. Tex. Bus. Corp. Act
Ann. art. 6.04 (Vernon 1980 and Supp. 2002). Once the assets have been distributed
to the shareholders, the articles of dissolution shall be executed. Tex. Bus. Corp.
Act Ann. art. 6.06 (Vernon 1980 and Supp. 2002). The articles of dissolution shall
be delivered to the Secretary of State, and if he finds they conform to the law, he shall
issue a certificate of dissolution, and the corporation shall cease to exist. Tex. Bus.
Corp. Act Ann. art. 6.07 (Vernon 1980 and Supp. 2002).

 That is precisely what happened to San Jacinto Optical. The shareholders were
notified that, on December 1, 1997, a vote for dissolution would be conducted. 
Arisco and Thomson, representing two-thirds of the shareholders, voted to dissolve
San Jacinto Optical. After the creditors were notified and paid, the remaining assets
were divided among the three shareholders. The articles of dissolution were
submitted to the Secretary of State, who issued a certificate of dissolution. We hold
that, as a matter of law, Arisco and Thomson established San Jacinto Optical was
properly dissolved pursuant to the requirements of Part 6 of the Texas Business
Corporation Act. See Eagle Pass Realty Co. v. Esparza, 474 S.W.2d 624, 625 (Tex.
App.--San Antonio 1971, writ ref'd n.r.e.) (holding the burden of proving dissolution
of corporation is cast upon person asserting such dissolution). 

 Once dissolution is established, Andrews's only remedy is an accounting for
any particular items he alleges were assets of San Jacinto Optical and which were not
properly distributed to him in connection with the dissolution. See Mischer v. Burke,
456 S.W.2d 550, 558 (Tex. App.--Houston [1st Dist.] 1970, writ ref'd n.r.e.).
Andrews, however, specifically stipulated he "waived, non-suited and would not seek
an accounting for, seek recovery of, or offer any evidence of the fair market value of
any particular items alleged to be assets of San Jacinto Optical." As such, he has
expressly waived the only relief available to him under the voluntary dissolution
statutes. 

 We overrule issue one.

Tort Claims

 In issues two, three, four, and five, Andrews contends the trial court erred in
granting Arisco and Thomson's motion for summary judgment because a fact issue
existed as to whether their conduct constituted fraud, a breach of fiduciary duty, civil
conspiracy, and conversion.

 Having held, based on the summary judgment evidence, their conduct was
proper under the dissolution statutes, we need not address these issues.

 We overrule issues two, three, four, and five.

Equitable Buyout

 In issue six, Andrews argues the trial court erred in granting Arisco and
Thomson's motion for summary judgment because a fact issue exists as to whether
he was entitled to an equitable buyout of his stock based on their oppressive conduct.

 Again, having held, based on the summary judgment evidence, their conduct
was proper under the dissolution statutes, we need not address this issue.

 We overrule issue six.

 We affirm the judgment.


 

 Frank C. Price

 Justice


Panel consists of Justices Cohen, Nuchia, and Price. (4)


Do not publish. Tex. R. App. P. 47.
1. Arisco and Thomson allege Andrews was given the right of first pick to select
which lot he wanted, but he refused to attend the meeting and was given the lot
remaining after Arisco and Thomson picked theirs.
2. Andrews filed a motion with the trial court seeking appointment of an
appraiser to value his shares, pursuant to articles 5.11 and 5.12 of the Texas
Business Corporation Act. Arisco and Thomson opposed the motion and
argued the provisions of article 5.11 did not apply in dissolution. The trial
court denied the motion. The 14th Court of Appeals and the Texas Supreme
Court denied Andrews's mandamuses on the issue.
3. The parties stipulated that the trial court's ruling on the first
supplemental motion for summary judgment rendered moot the claims
of Arisco and Thomson "for declaratory relief (including but not limited
to, whether alleged items in controversy were or were not assets of San
Jacinto Optical of Baytown, Inc. that could or should have been
distributed)." 
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.