In The
Court of 
Appeals
For 
The
First District of 
Texas
____________
NO. 
01-02-00789-CV
____________
EDWARD PATTEN, Appellant
v.
MARYLAND BANK, N.A., 
Appellee


On 
Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 
2002-18929


O P 
I N I O N
           Edward 
M. Patten, appellant, sued Maryland Bank, N.A. (MBNA), appellee, for usury and 
violation of 12 U.S.C. § 85 of the National Banking Act. Appellee filed a motion 
for summary judgment, and the trial court granted the motion.
 
 
Background
           In 
1999, appellee issued appellant a Platinum Plus credit card. In his lawsuit, 
appellant claimed that appellee charged and received interest in excess of the 
amount authorized by law. Appellant asserted that section 303.009(d) of the 
Texas Finance Code sets the maximum rates of interest that appellee is 
authorized to contract for, charge, and or receive on credit card transactions 
at 21% per annum; and the 24.98% interest appellee charged constituted usury 
pursuant to the provisions of the Texas Finance Code and violated 12 U.S.C. 
section 85 of the National Banking Act. 

 
Discussion
           In 
his first issue, appellant claims that the trial court erred in granting 
appellee’s motion for summary judgment because appellee violated 12 U.S.C. 
section 85 of the National Banking Act. In his second issue, appellant claims 
that Texas usury laws apply and are not preempted by the National Banking 
Act. Appellant claims that the 
credit card transactions are interstate loans to which section 303.009(d) of the 
Texas Finance Code applies. 

 Although appellant recognizes that Delaware banking laws 
do not proscribe an interest rate or define usury, he claims that appellee 
violated 12 U.S.C. section 85 because appellee does not have the unfettered 
discretion to charge any interest rate.
Standard of 
Review
           Summary 
judgment is proper only when the movant establishes that there is no genuine 
issue of material fact and that the movant is entitled to judgment as a matter 
of law. Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 
1995); Lawson v. B Four Corp., 888 S.W.2d 31, 34 (Tex. App.—Houston [1st 
Dist.] 1994, writ denied). In reviewing a 
summary judgment, we must indulge every reasonable inference in favor of the 
nonmovant and resolve any doubts in its 
favor. Johnson, 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. We 
will take all evidence favorable to the nonmovant as true. Id. As movant, 
the defendant is entitled to summary judgment if the evidence disproves as a 
matter of law at least one element of each of the plaintiff’s causes of action. 
Lear Siegler, Inc. v. Perez, 819 
S.W.2d 470, 471 (Tex. 1991); Marchal v. Webb, 859 S.W.2d 408, 412 (Tex. 
App.—Houston [1st Dist.] 1993, writ denied).
           Appellee’s 
motion for summary judgment states that it is a national bank organized and 
located in the State of Delaware. Appellee correctly cites Marquette National 
Bank of Minneapolis v. First of Omaha Service Corp., which held that section 
85 plainly provides that a national bank may charge interest “on any loan” at 
the rate allowed by the laws of the State in which the bank is “located.” 
Marquette Nat. Bank of Minneapolis v. First of Omaha Serv. Corp., 439 
U.S. 299, 308, 99 S. Ct. 540, 545 (1978). In addition, appellee correctly cites 
Delaware banking laws which allow a bank to charge and collect periodic interest 
in respect of a loan at such daily, weekly, monthly, annual or other periodic 
percentage rate or rates as the agreement governing . . . . the loan provides or 
as established in the manner provided in such agreement. See Del. Code Ann. tit. 5, §§ 963 - 965 
(2002). Appellee also correctly cites Smiley v. Citibank, which held that 
the National Bank Act of 1864 preempts state law. Smiley v. Citibank, 517 
U.S. 735, 744, 116 S. Ct. 1730, 1735 (1996).
           We 
overrule both of appellant’s issues.
 
 
 
 
 
Conclusion
           We 
affirm the trial court’s judgment.
 
                                                                             Sam 
Nuchia
                                                                             Justice
Panel consists of Justices Hedges, Nuchia, and 
Keyes.