Opinion issued November 18, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00918-CV




LANCE DREYER, Appellant

V.

SCOTT Y. WOOD AND ENERGY RESERVES GROUP, L.L.C., Appellees




On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. 20442




MEMORANDUM OPINION
          Appellant, Lance Dreyer, sued appellees, Energy Reserves Group, L.L.C.
(ERG) and it’s managing director, Scott Y. Wood, for breach of a joint settlement
agreement. The court rendered summary judgment in favor of appellees, and
appellant appealed, complaining that the joint settlement agreement (JSA) was
binding on appellees. We affirm.
BACKGROUND
          In 1995, appellant and Claron Corporation, collectively referred to as “Claron,”
entered into a joint settlement agreement and mutual release with Kansas Oil and Gas
Corporation, Gulf Shore Petroleum Drilling Partners, L.P., Gulf Shore Petroleum
Operating Company, Inc., Maxim Energy Corporation, MFR Trading Corporation,
and Norman J. Kravetz, collectively referred to as “KOG,” to settle a series of
lawsuits. Appellee Scott Y. Wood signed the JSA in his capacity of president of four
of the KOG entities: Kansas Oil & Gas Corp., Gulf Shore Drilling Partner, L.P.,



Maxim Energy Corp., and MFR Trading Corp. Wood did not sign the JSA in his
individual capacity. However, Wood signed a letter in which he agreed to abide by
the terms of the JSA. The JSA created an area of mutual interest and provided in part
that, should either party acquire an interest in an area defined as the territory of the
other, that party would assign the interest to the other, upon demand, for one dollar. 
          In May 2003, appellant filed a lawsuit against appellees, alleging that Wood
had breached the terms of the JSA by acquiring an oil and gas lease on an area that
was assigned to appellant in the JSA and refusing to assign the lease to appellant
upon demand and tender of the required funds. Appellees filed a motion for
summary judgment asserting that neither ERG nor Wood was a party to the JSA, that
ERG is not part of KOG or Claron, that ERG was not formed until 1999, and that
Wood did not own any interest in the oil and gas lease at issue. ERG attached, as
summary judgment proof, the lease, the certificate of compliance filed by ERG with
the Texas Railroad Commission, and the affidavit of ERG’s landman stating that
ERG was formed in 1999 and that Wood was managing director of ERG but had no
interest in the lease. 
          In appellant’s response to the motion for summary judgment, he asserted that
Wood’s signature on the JSA and his signature on the letter bound him to the terms
of the JSA. He further asserted that, under paragraph eight of the JSA, Wood, KOG,
“their shareholders, agents, servants, employees . . . and/or any other person with
whom they are now or may hereafter become associated in any manner . . .” were also
bound by the agreement. 
DISCUSSION
Standard of Review
          Summary judgment under rule 166a(c) is proper only when the movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food
Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four Corp.,
888 S.W.2d 31, 34 (Tex. App.—Houston [1st Dist.] 1994, writ denied). In reviewing
a summary judgment, we must indulge every reasonable inference in favor of the
nonmovant and resolve any doubts in its favor. Johnson, 891 S.W.2d at 644; Lawson,
888 S.W.2d at 33. We will take all evidence favorable to the nonmovant as true. 
Johnson, 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. As movant, the defendant
is entitled to summary judgment if the evidence disproves as a matter of law at least
one element of each of the plaintiff’s causes of action. Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Marchal v. Webb, 859 S.W.2d 408, 412 (Tex.
App.—Houston [1st Dist.] 1993, writ denied). 
The JSA
          In his sole issue, appellant contends that the trial court erred in construing the
JSA to be inapplicable to Wood or entities with which Wood was associated. 
Appellant argues that Wood’s association as an agent-employee of some of the KOG
entities and his association with ERG as an employee is sufficient to bind ERG to the
terms of the JSA. Appellant asserts that the JSA was “written to broadly apply to the
parties, their agents, and other associated with the parties, past present and future.”
          Paragraph eight of the JSA does not, and indeed could not, bind all parties who
are associated in any manner with Wood or the KOG entities. Paragraph eight is a
part of the full and complete release of all claims between KOG and Claron. As such,
it extends to any party who might assert an interest in the subject of the claim because
of its association with either KOG or Claron. Paragraph eight does not bind any third
party to the terms of the JSA merely because it may have some relationship with
Wood. 
          Appellees’ summary judgment proof established that ERG was not a party to
the JSA and that Wood has no interest in the lease granted to ERG. Appellant
produced no summary judgment proof to show a fact issue regarding whether ERG
was a party to the JSA or whether Wood has an interest in the lease. Therefore, the
trial court did not err in rendering summary judgment in favor of appellees. 
          We overrule appellant’s sole issue. 
Conclusion
          We affirm the judgment.
 

                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.