Opinion filed November 3, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed November 3, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00156-CV 

 

                                                    __________

 

                                      VAN LEE BREWER, Appellant

 

                                                             V.

 

                                 S.
SCHUMACHER ET AL, Appellees

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 6998-D

 



 

                                             M
E M O R A N D U M    O P I N I O N

 








Van Lee Brewer sued S. Schumacher, Warden Adonay
Davila, Sergeant James Hebner, Galela Wofford, and Officer Ramos for $46,500 in
damages resulting from the alleged 2001 loss of his religious cross with 8
diamonds, his gold rope chain, and his 15-diamond gold ring.  Brewer alleged that the loss occurred when he
was received into the Texas Department of Criminal Justice - Institutional
Division=s
Middleton Unit from the Dallas County Jail. 
Brewer asserted that a conspiracy occurred in which his property was
confiscated and reports were falsified. 
The trial court dismissed the action for failure to comply with TEX.
CIV. PRAC. & REM. CODE ANN. '
14.005(a)(2) & (b) (Vernon 2002).  We
affirm.

Brewer has briefed six issues on appeal.  First, Brewer contends that the trial court
erred in allowing the attorney general to represent Schumacher in this
case.  In his second and third issues,
Brewer argues that the trial court erred in denying his motion for summary
judgment.  In his fourth and fifth
issues, Brewer challenges the dismissal of his suit.  In his final issue, Brewer argues that he was
denied due process of law.

Brewer sued Schumacher for damages that allegedly
resulted from her actions as Aan
assistant to the TDCJ=s
Regional Grievance Officer.@  Pursuant to TEX. CIV. PRAC. & REM. CODE
ANN. ' 104.004
(Vernon 2005), the attorney general Ashall@ defend or represent a public servant
in this type of action.  The trial court
did not err in allowing the attorney general to represent  Schumacher. 
The first issue is overruled.

Brewer filed a motion for summary judgment on the
grounds that Schumacher=s
answer should be Arendered
null and void@ because
the attorney general filed the answer, that he was entitled to a summary
judgment on the merits of his claims, and that he was entitled to a Anon-evidence summary judgment@ on Schumacher=s
defenses.  On appeal, Brewer contends
that the trial court erred in denying his motion.  We disagree.

If the movant in a traditional motion for summary
judgment establishes that there is no genuine issue of material fact and that
he is entitled to judgment as a matter of law, then the trial court must grant
the motion. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991).  Upon review of a traditional motion for
summary judgment, we take as true evidence favorable to the non-movant indulging
in every reasonable inference and resolving any doubt in the favor of the
non-movant.  American Tobacco Company,
Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997).  








In reviewing the trial court=s ruling on a no-evidence summary
judgment motion, the appellate court applies the same standard of review
as  in reviewing a directed verdict.  King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 750-51 (Tex.2003), cert. den=d,
541 U.S. 1030 (2004).  The mere statement
in a motion for summary judgment that there is Ano
evidence@ does not
constitute a request for the relief provided for a  Ano-evidence@ motion for summary judgment under
TEX.R.CIV.P. 166a(i).

As stated above, the attorney general was charged
under Section 104.004 with the duty to represent Schumacher in this type of
suit.  In his pleadings and in his
motion, Brewer alleged that he no longer had possession of his diamond cross,
his gold chain, and his ring due to the actions of the defendants and that the
defendants= actions
were a result of a conspiracy.  Brewer
sued  Schumacher in Aher individual capacity.@ In his pleadings and in his motion,
Brewer complained of the actions that Schumacher took while handling grievance
proceedings  in the course and scope of
her employment.  Brewer did not establish
that there was no genuine issue of material fact concerning the disappearance
of his property or the existence of a conspiracy to deprive him of his
property.  Brewer did not establish that
he was entitled to a judgment as a matter of law.  Moreover, Brewer=s
general statements that he was entitled to a Ano-evidence
summary judgment@ did not
constitute a Rule 166a(i) motion for summary judgment.  The second and third issues are overruled.

The trial court did not err in dismissing Brewer=s case. 
The record before this court reflects that Brewer failed to file an
adequate affidavit or unsworn declaration as required under TEX. CIV. PRAC.
& REM. CODE ANN. '
14.004 (Vernon 2002), that he failed to provide the information required by
Section 14.005(a), and that he failed to file his claim within 31 days from the
date he received the written decision of the grievance system as required by
Section 14.005(b).  Section 14.005(b)
provides that, where the inmate has failed to comply with the 31-day deadline,
the trial court Ashall@ dismiss the claim.  

Brewer also claims that the trial court should
have conducted a hearing before dismissing his claims.  TEX. CIV. PRAC. & REM. CODE ANN. ' 14.008 (Vernon 2002) provides that the
trial court Amay@ conduct a hearing but does not require
a hearing.  Nothing in the record before
this court supports Brewer=s
contentions that the trial court erred when it did not conduct a hearing.  The fourth and fifth issues are overruled.

Finally, Brewer challenges that the trial court=s actions during the time his claim was
pending constituted a denial of due process. 
The record does not support Brewer=s
allegations that the trial court denied his rights to due process in the
handling of this case.  The sixth issue
is overruled.








All of Brewer=s
arguments have been considered.  Each is
overruled.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

November 3, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.