



# MEMORANDUM OPINION

No. 04-09-00311-CV

Richard **HERNANDEZ**,
Appellant

v.

**ALLSTATE COUNTY MUTUAL INSURANCE COMPANY**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-05015
Honorable Antonia Arteaga, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:      Karen Angelini, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed: February 10, 2010

AFFIRMED

Richard Hernandez appeals from a summary judgment granted in favor of Allstate County Mutual Insurance Company ("Allstate"). On appeal, Hernandez contends the trial court erred in denying his motion for continuance and in finding there were no issues of material fact regarding his claims for uninsured motorist coverage and for insurance code violations. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Hernandez sued Allstate, alleging that Allstate insured the vehicle he was driving when he was involved in an accident with an uninsured motorist in Minnesota. Specifically, Hernandez alleged that an unknown tractor trailer driven by a third party was speeding, thereby tossing ice off the trailer onto Hernandez's car and causing him to lose control and collide with other vehicles. According to Hernandez, Allstate breached its contract by fraudulently discouraging him from filing an uninsured motorist claim and by denying his uninsured motorist claim. Further, Hernandez alleged that Allstate violated the Insurance Code by failing to pay the uninsured motorist claim. Hernandez also sued for common law fraud.

Allstate filed a traditional and no-evidence motion for summary judgment, contending Hernandez had no evidence to support his causes of action and producing summary judgment evidence consisting of Hernandez's petition, the police report, Hernandez's deposition, and the insurance policy. According to Allstate, the summary judgment evidence showed that Hernandez's causes of action failed because Hernandez was not involved in an accident with an uninsured motor vehicle as defined by the insurance policy. Allstate argued that under the policy, in order for uninsured motorist coverage to apply, there must be actual physical contact between the motor vehicle operated by an unknown person and the person insured. In response, Hernandez filed a motion for continuance. However, his motion was denied, and the trial court granted Allstate's motion for summary judgment.

**DISCUSSION**

*1.    Motion for Continuance*

When a party moves for a continuance on the basis that he has not had adequate opportunity for discovery before a summary judgment motion is heard, he must file either an affidavit or a verified motion for continuance explaining the need for further discovery. *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). The granting or denial of a motion for continuance is within the sound discretion of the trial court and will not be disturbed absent a showing the trial court clearly abused that discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). In deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, the Texas Supreme Court has considered the following nonexclusive factors: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *see also* TEX. R. CIV. P. 252 (requiring affidavit in support of continuance to show requested discovery is material and that movant has exercised due diligence to obtain discovery).

In his motion for continuance, Hernandez contended he needed additional time to conduct discovery. And, his motion was verified. However, he failed to show that the discovery he requested was material or that he had exercised due diligence to obtain it. Thus, the trial court did not abuse its discretion in denying Hernandez's motion for continuance.

*2.      Summary Judgment*

Allstate filed a traditional and no-evidence motion for summary judgment. On appeal, Hernandez argues the trial court erred in granting Allstate's motion. We disagree.

To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor of the respondent. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. In addition, we must assume all evidence favorable to the respondent is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548-49. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant has established a right to summary judgment, the burden shifts to the respondent to present evidence that would raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Under Rule 166a(i), a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id.* In reviewing a trial court's order granting a no-evidence summary judgment, we consider the evidence in the light most favorable to the respondent and disregard all contrary

evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* at 751; *see* Tex. R. Civ. P. 166a(i).

Allstate's summary judgment motion alleged that there was no evidence to support Hernandez's claims for breach of contract, breach of the duty of good faith and fair dealing, or violations of the Deceptive Trade Practices Act. Additionally, Allstate's summary judgment argued that Hernandez's breach of contract and bad faith claims must also fail under the traditional summary judgment standard because Hernandez was not involved in an accident as defined by the policy. In essence, Allstate argued that all Hernandez's claims fail because Hernandez was not involved in an accident with an uninsured motorist vehicle as defined by the policy.

The insurance policy under which Hernandez sought to recover uninsured motorist damages provides in relevant part the following:

PART C --

UNINSURED/UNDERINSURED MOTORISTS COVERAGE

Insuring Agreement

A.    We will pay damages [that] a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damages, caused by an accident.

       The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.

* * *

D.I.   "Uninsured motor vehicle" means a land motor vehicle or trailer of any type,

    1.    To which no liability bond or policy applies at the time of the accident,

    2.    Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

        a.    you or any family member;
        b.    a vehicle [that] you or any family member are occupying; or
        c.    your covered auto.

Thus, the uninsured motorist provision of the policy defines uninsured motor vehicle as a vehicle that *hits* (1) the insured or any family member, (2) a vehicle the insured or any family member is occupying or (3) the covered auto. Here, the only summary judgment evidence regarding the facts of the accident is contained in Hernandez's deposition. Hernandez testified that, as he was driving, some ice came off a tractor trailer as it passed him. The ice came in contact with Hernandez's tire, causing Hernandez to lose control of his vehicle. No part of the trailer ever came in contact with Hernandez. Thus, it is undisputed that the vehicle Hernandez claims caused the accident did not physically touch his vehicle.

Moreover, the Texas Supreme Court has held that for an insured to recover under the uninsured motorist provision, actual physical contact must have occurred. *Nationwide Ins. Co. v. Elchehimi*, 249 S.W.3d 430, 435-36 (Tex. 2008) (interpreting section 1952.104(3) of the Insurance Code, which provides that "[t]he portion of a policy form adopted under Article 5.06 or filed as provided by Subchapter B, Chapter 2301, to provide coverage under this subchapter must: . . . (3) require that, for the insured to recover under the uninsured motorist coverage . . ., actual physical

contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured").

Because the undisputed summary judgment evidence shows no actual physical contact occurred between Hernandez's vehicle and the vehicle he claims caused the accident, Hernandez is not entitled to recover under the uninsured motorist provision of this policy. Thus, Hernandez's claims against Allstate must fail, and the trial did not err in granting Allstate's motion for summary judgment.

### CONCLUSION

We affirm the trial court's judgment.

Karen Angelini, Justice