Becker v. State








COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
DORA MEDINA d/b/a TEXAS SECURITY     ) 
& SOUND,                                                       )                  No. 08-03-00501-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 3
)
TABCON, INC., A TEXAS CORPORATION,  )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2003-5155)

MEMORANDUM OPINION

            Dora Medina d/b/a Texas Security & Sound appeals from an order granting summary
judgment in favor of Tabcon, Inc., a Texas Corporation. We reverse and remand.
FACTUAL SUMMARY
            On February 9, 2000, Tabcon accepted a proposal submitted by Marcos Venegas (Medina’s
husband) on behalf of Texas Security and Sound (Texas Security) for the commercial pre-wiring of
an office complex being built by Tabcon. The project included network and telephone pre-wiring,
security pre-wiring, and fire evacuation pre-wiring. Pre-wiring is part of the construction of a
building and is done before the sheetrock or other material is placed on the walls. After Texas
Security completed the pre-wiring, another contractor would install and monitor the fire detection
devices or fire alarm systems. Tabcon agreed to pay $4,913 for materials, including 2,000 feet of
“18/2 fire cable.” Under the contract, Tabcon would pay $3,900 for labor. Tabcon initially paid
$5,056 with the remainder to be paid upon completion. During the project, Tabcon became
dissatisfied with Texas Security’s performance under the contract, and it hired another company, SSI
Security Systems, Inc., to complete the pre-wire project. SSI Security Systems had to remove all of
the wiring done by Texas Security. 
            Alleging that it had performed under the contract and that Tabcon had accepted the benefits
of the work, Texas Security filed a breach of contract suit to recover the balance owed. Tabcon filed
a counterclaim.


 After the suit was filed, Tabcon learned that Texas Security did not have a license
as required by the Texas Insurance Code to sell or install a fire detection device. Tabcon filed a
traditional motion for summary judgment alleging that the entire contract was void because Texas
Security lacked the license needed to install a fire detection device. Texas Security responded with
an affidavit by Venegas who maintained that fire cable is nothing more than “pre-wiring” for an
alarm system and that it is not a fire detection device. Additionally, both Medina and Venegas stated
in their affidavits that the contract does not involve installation of a fire detection or alarm system,
that Texas Security does not plan, certify, lease, sell, service, monitor, or maintain fire alarms or
detection devices or systems, and that the pre-wiring work for the fire alarm system was only a small
portion of the project. The labor charge for pre-wiring of the fire alarm system was $300, or less
than 10 percent of the total contract price for labor. The summary judgment evidence does not
reflect the portion of materials cost attributable to the fire evacuation pre-wiring. The trial court
granted summary judgment in favor of Tabcon. 
 

SUMMARY JUDGMENT
            Texas Security challenges the summary judgment by five related issues on appeal. First, it
argues that because fire alarm cable is not a fire detection device within the meaning of the Insurance
Code, the contract is not void. Alternatively, it urges that even if fire alarm cable is a fire detection
device, Texas Security is exempt from the licensing requirement. In another alternative argument,
Texas Security asserts that its failure to hold the license did not void the entire contract because the
fire evacuation pre-wire represents only a small portion of it.
Standard of Review
            In a traditional summary judgment proceeding, the standard of review on appeal is whether
the successful movant at the trial level carried the burden of showing that there is no genuine issue
of material fact and that judgment should be granted as a matter of law. Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Duran v. Furr’s Supermarkets, Inc., 921 S.W.2d 778, 784
(Tex.App.--El Paso 1996, writ denied). Thus, the question on appeal is not whether the summary
judgment proof raises fact issues as to required elements of the movant’s cause or claim, but whether
the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material
fact as to one or more elements of the movant’s cause or claim. Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970); Duran, 921 S.W.2d at 784. In resolving these issues, all evidence
favorable to the non-movant must be taken as true and all reasonable inferences, including any
doubts, must be resolved in the non-movant’s favor. Nixon v. Mr. Property Mgmt. Co., Inc., 690
S.W.2d 546, 548-49 (Tex. 1985); Duran, 921 S.W.2d at 784. A trial court properly grants summary
judgment in favor of a defendant if that party conclusively establishes all elements of an affirmative
defense, or conclusively negates at least one element of the plaintiff’s claim. American Tobacco Co.,
Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). Tabcon moved for summary judgment based on
an affirmative defense, namely, that the contract is void because Texas Security did not possess the
necessary license to perform the work. Therefore, Tabcon had the burden to conclusively establish
its affirmative defense.
The Relevant Statutes
            Under Article 5.43-2, section 5(a) of the Texas Insurance Code, each person or organization
engaged in the business of planning, certifying, leasing, selling, servicing, installing, monitoring, or
maintaining fire alarm or fire detection devices or systems must have a certification of registration
issued by the commissioner of the State Board of Insurance. Tex.Ins.Code Ann. art. 5.43-2, § 5(a)
(Vernon Supp. 2004-05). “Fire detection device” means any arrangement of materials, the sole
function of which is to provide indication of fire, smoke, or combustion in its incipient stages. 
Tex.Ins.Code Ann. art. 5.43-2, § 2(10). Section 5(a)’s licensing requirement does not apply to:
(1) a person or organization in the business of building construction that installs
electrical wiring and devices that may include in part the installation of a fire alarm
or detection system if:

. . .
 
(B) the person or organization does not plan, certify, lease, sell, service, or maintain
fire alarms or detection devices or systems.

Tex.Ins.Code Ann. art. 5.43-2, § 3(b)(1)(B).

Fire Detection Device

            In Issue Two, Texas Security maintains that Tabcon failed to offer any evidence to support
its assertion that fire cable is clearly within the Insurance Code’s definition of a fire detection device. 
We agree.
            Tabcon alleged in its motion for summary judgment that the contract is void because Texas
Security did not have the necessary license to sell or install fire cable which it asserts is a fire
detection device. As the movant, Tabcon had the burden to conclusively prove that “18/2 fire cable”
is a fire detection device within the meaning of the Insurance Code. But it offered no evidence,
expert or otherwise, to establish exactly what function “18/2 fire cable” serves or how it relates to
a fire alarm device or system. There is no evidence that the sole function of “18/2 fire cable” is to
provide indication of fire, smoke, or combustion in its incipient stages. In the absence of this
evidence, there is no basis for concluding that the Insurance Code’s licensing requirement applied
to Texas Security. Because Tabcon failed to conclusively prove its affirmative defense, the trial
court erred by granting the summary judgment motion. Issue Two is sustained.


 The summary
judgment is reversed and the cause is remanded to the trial court for trial.


October 28, 2004                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.