Opinion filed November 30, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00346-CV 

                                                    __________

 

                 ALBERT
BURL PITTMAN, TRUSTEE OF THE EVELYN

                                 WHITE
PITTMAN TRUST, Appellant

 

                                                             V.

 

               DANNY
L. BROWN, INDEPENDENT EXECUTOR OF THE

                      ESTATE
OF EVELYN WHITE PITTMAN, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 45,788-A

 



 

                                             M
E M O R A N D U M   O P I N I O N

This is an appeal from the trial court=s determination that Albert Burl
Pittman should be removed as Trustee of the Evelyn White Pittman Trust and that
Pittman=s
petition to modify the trust should be denied. 
We affirm.








The record before this court reflects that Albert
was the widower of Evelyn White Pittman.  
During their marriage, Evelyn established the trust in 1993.  In the trust, Evelyn sought to provide for
herself and then, upon her death, for Albert, for her children, and for her
grandchildren.  Evelyn provided that,
with the exception of Albert, only those persons related to her by blood would
be beneficiaries.  Evelyn specifically
excluded an adopted grandchild.  Evelyn
amended the trust in 1995 to prohibit the trustee from allowing anyone to A[s]ell, convey, exchange, convert,
grant an option, assign, partition, divide, subdivide, abandon, mortgage,
pledge, hypothecate, or assign@
her property in  Hamilton County.  In 1996, Evelyn again amended the trust
provision limiting the trustee=s
powers as to the Hamilton County property stating, AIt
is my express intention that [the Hamilton County property] be held for the
benefit of my children and their descendants for as long as legally possible.@ 
Evelyn died in January of 2003.

In September 2003, Albert filed his petition to
modify the trust to allow him to sell the Hamilton County
property.  Danny L. Brown, Evelyn=s son and the independent executor of
her estate, filed an answer opposing the petition and a counterclaim to remove
Albert as trustee.  Danny also filed a
motion for a partial summary judgment on the grounds that preserving family
ownership of the Hamilton
 County property was one
of the purposes of Evelyn=s
trust, that that purpose was not illegal or impossible to fulfill, and that
there were no unforeseen circumstances that would impair any of the purposes of
the trust.  The trial court granted Danny=s motion for partial summary
judgment.  A jury heard evidence on the
counterclaim.  The trial court then
entered judgment that as a matter of law Albert breached his fiduciary duty as
trustee and removed Albert as trustee.

Albert represented himself in the trial court
proceedings and is representing himself on appeal.  We note that there is no basis in Texas law to
differentiate between a litigant represented by counsel and a litigant not
represented by counsel.  Wheeler v.
Green, 157 S.W.3d 439 (Tex. 2005); Mansfield
State Bank v. Cohn, 573 S.W.2d 181 (Tex.
1978).  Both litigants must comply with
the applicable rules and the applicable law. 
Wheeler, 157 S.W.3d at 444; Mansfield, 573 S.W.2d at 184-85.  The record before this court consists only of
the clerk=s
record.  Tex. R. App. P. 37.3(c).

Albert challenges the trial court=s granting of Danny=s motion for summary judgment.  Albert contends that the trial court failed
to consider his sworn petition and should have submitted his request to change
the terms of the trust to the jury.  We
disagree.








A trial court properly grants a motion for summary
judgment if the moving party establishes that no genuine issue of material fact
exists and that the moving party is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex.
1991).  When reviewing a summary
judgment, the appellate court takes as true evidence favorable to the nonmoving
party, indulges in every reasonable inference, and resolves any doubts
in favor of the nonmoving party.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420 (Tex. 1997); Nixon v. Mr. Prop. Mgmt. Co.,
Inc., 690 S.W.2d 546 (Tex. 1985); City
of Houston v. Clear
Creek Basin
Auth., 589 S.W.2d 671 (Tex.
1979).  The moving party has the burden
of proof; and, once the moving party establishes a right to a summary judgment,
the burden shifts to the nonmoving party to establish any issues that would
preclude the summary judgment.  Clear
Creek, 589 S.W.2d at 677-79.  Rule
166a(c) provides that a summary judgment may be based on uncontroverted
evidence if that evidence is clear, positive, direct, credible, and free from
contradiction and if that evidence could have been readily controverted.

Attached to Danny=s
motion was the affidavit of Donald L. Anderson, the attorney who had prepared
Evelyn=s
original trust agreement and her various amendments.  In his affidavit, Anderson stated that he clearly recalled the
circumstances under which Evelyn desired to amend the trust.  Evelyn Awas
concerned that it be specifically provided that in no event could the Hamilton
County, Texas, property be conveyed.@  Anderson recalled that Evelyn had told him that
the property had been in her family for Awell
over@ one
hundred years and that she wanted the property to remain with her family that
were her blood relatives for Aas
long as possible.@  Anderson
stated that he explained to Evelyn that the property could not be held in
perpetuity.  Evelyn then requested that
he add the sentence about how it was her expressed intention that the Hamilton
County property be held for the benefit of blood descendants for Aas long as legally permissible.@

Albert did not respond to the motion and on appeal
relies entirely on the allegations in his petition.  Albert alleged that time was of the essence
because he had two qualified purchasers of the Hamilton County property, that
circumstances had changed drastically with Evelyn=s
death so that the trust could no longer perform its main purpose of taking care
of Evelyn, and that the Hamilton County property must be sold to pay legal
fees.








The uncontroverted summary judgment evidence
established that one of the purposes of 
the trust was to provide that the Hamilton County
property benefit Evelyn=s
blood descendants for Aas
long as legally possible.@  The trust itself clearly establishes that two
other purposes were to provide for Evelyn as long as she lived and then on her
death to provide for Albert and for Evelyn=s
blood descendants.

Albert did not establish the existence of a
genuine issue of fact in his action to modify the trust.  The trial court did not err in granting Danny=s motion for summary judgment.  All of Albert=s
arguments concerning the granting of the summary judgment are overruled.

Next, Albert challenges the trial court=s finding as a matter of law that he
had breached his fiduciary duties as trustee. 
Albert contends that Aspecial
issues@ existed
and that the jury should have determined the facts of Danny=s counterclaim.  Albert is, in effect, arguing that the
evidence presented created fact issues for the jury to determine.  However, a reporter=s
record was never filed.  Rule
37.3(c).  Albert has not established that
the trial court abused its discretion in its determination.  This argument is overruled.

All of Albert=s
contentions on appeal have been considered. 
Each is overruled.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

November 30, 2006

Panel
consists of:  Wright, C.J., 

Strange,
J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.